Bacon *v.* Townsend.

SAME TERM. *Before the same Justices.*

BACON *vs.* TOWNSEND.

In an action for a malicious prosecution, in preferring a criminal complaint against the plaintiff, evidence that a recognizance had been taken from the plaintiff, and that an indorsement had subsequently been made upon the affidavits taken by the police magistrate, in these words, "Bail discharged, April 20th, 1843," and that an entry to the same effect was made in the book of minutes kept by the clerk of the criminal court, is not sufficient proof that there was an end of the criminal prosecution, before the commencement of the suit.

THIS was an action for a malicious prosecution in making a criminal complaint against the plaintiff, for receiving stolen property. The declaration set forth the complaint made before a police justice; the arrest of the plaintiff; the giving of a recognizance, with sureties, for his appearance at the next court of general sessions to answer to an indictment to be preferred

Bacon *v.* Townsend.

against him for the said offense; the defendant's neglect to prefer any complaint before the grand jury; that on the 20th of April, 1843, the plaintiff was duly discharged from the said recognizance, and fully acquitted and discharged of the said supposed offense; that the defendant had not further prosecuted his said complaint, but had deserted and abandoned the same, and that the said complaint and prosecution were wholly ended and determined. Plea, the general issue. On the trial, before Edmonds, circuit judge, the plaintiff, for the purpose of showing that the criminal prosecution against him was at an end, produced Alfred Phillips, as a witness, who testified that from December, 1841, to 1843, he was a clerk in the office of the district attorney; that he was now a deputy clerk in the office of the clerk of the court of general sessions. Being shown the original affidavits and the examination of Bacon already in evidence, he said they were indorsed in the handwriting of the clerk of the court of general sessions aforesaid, in these words : " Bail discharged April 20, 1843." And there was an entry to the same effect in the book of minutes kept by the clerk of the sessions. At the close of the plaintiff's testimony, the circuit judge nonsuited the plaintiff, on the ground that the suit or proceeding in the criminal court was not at an end when this suit was commenced. The plaintiff moved for a new trial.

*H. Dresser*, for the plaintiff.

*G. R. J. Bowdoin*, for the defendant.

*By the Court*, EDWARDS, J.  The reason assigned by the circuit judge, for the nonsuit granted by him, was, that the prosecution was not at an end. It appears by the testimony, that a recognizance was given, conditioned generally for the appearance of the plaintiff in this suit at the then next court of general sessions of the peace for the city and county of New-York. This recognizance contained no reference to any particular charge which had been made against the plaintiff; and there is nothing, except the names of the parties, mentioned in

it, which could authorize the inference that it referred to the offense for which the plaintiff is alledged to have been maliciously prosecuted. It further appears by the testimony of a deputy clerk of the court of general sessions, that there was an indorsement upon the affidavits taken by the police magistrate before whom the complaint had been made, in these words : " Bail discharged, April 20th, 1843." It is contended on the part of the plaintiff that this was sufficient proof that there was an end of the prosecution, before the commencement of this suit.

In the case of *Morgan* v. *Hughes*, (2 *T. R.* 225,) the plaintiff alledged in his declaration that the defendant had maliciously and without probable cause, made a charge of felony against him, before a justice of the peace, who had issued a warrant, under which the plaintiff had been arrested, and compelled to undergo a long imprisonment, until a certain period mentioned, *when he was released and discharged from his said imprisonment.* To this declaration there was a special demurrer, and one of the causes assigned was that it did not appear by the declaration that the plaintiff had been tried or acquitted, or by due course of law discharged from the supposed felony and charge. Justice Buller, in giving his opinion, says, that " stating that the plaintiff was *discharged* is not sufficient ; it is not equal to the word *acquitted*, which has a definite meaning. When the word *acquitted* is used, it must be understood in the legal sense, namely, by a jury on the trial. But there are various ways in which a man may be discharged from his imprisonment, without putting an end to the suit." " If indeed," he further says, " it had been alledged that the plaintiff had been discharged by the grand jury's not finding the bill, that would have shown a legal end to the prosecution."

So in this case ; the discharge of the security given for the plaintiff's appearance, which is in all respects analogous to his discharge from imprisonment, did not show that there was an end of the suit. The bail might have been discharged by a surrender of their principal. And their discharge without such surrender, would not have prevented the grand jury from find-

ing a bill at any time before the offense became barred by the statute of limitations.

Nothing appears from which it can be said that the prosecution was at an end; and the circuit judge was right in granting a nonsuit.

The motion for a new trial must be denied with costs.