## GEORGE W. SWARTWOUT *v.* WILLIAM DICKELMAN.

*Malicious prosecution — What determination of the prosecution essential, to justify an action for.*

In an action for malicious prosecution, it appeared that, on defendant's complaint, plaintiff had been committed to jail by a justice of the peace to await the action of the grand jury; that, before the grand jury met, he was discharged from jail under a writ of *habeas corpus,* whereupon the action was brought. *Held,* that such discharge was not a determination of plaintiff's innocence; that the prosecution was not determined until the grand jury met and the case was presented and ignored, or the plaintiff failed to prosecute the proceedings.

EXCEPTIONS ordered to be heard in the first instance at General Term, after a verdict for $100 in favor of the plaintiff at the Sullivan county Circuit.

The action was brought for alleged malicious prosecution of the plaintiff before a justice of the peace, on the complaint of the defendant that the plaintiff had been guilty of the offense of grand larceny.

The complaint was made before the justice on February 25, 1876. A warrant was, thereupon, issued for the plaintiff's arrest; he was arrested, examined before the justice, and, on default of bail, committed to the jail of Sullivan county for the space of fifty days — he having been committed to await the action of the grand jury. Before any grand jury had been in session in Sullivan county, and on April 15, 1876, plaintiff was discharged from imprisonment upon a writ of *habeas corpus* by the judge of Sullivan county. Thereafter, this action was commenced, on the trial of which plaintiff recovered a verdict of $100; the defendant moved for a nonsuit

before the submission of the case to the jury, on the ground that it did not appear that the prosecution complained of had terminated favorably to the plaintiff at the time of the commencement of this action, which motion was denied.

*Stewart & Read,* for the plaintiff.

*T. F. Bush,* for the defendant.

BOARDMAN, J.:

Upon the complaint of defendant the plaintiff was arrested for grand larceny, and, after the examination before the justice, was held and committed to jail for want of bail. Afterwards, and before any grand jury had been in session in the county, the plaintiff was discharged from his imprisonment, upon *habeas corpus* issued by the county judge. The reason for the discharge from custody does not appear. Two days thereafter this action was commenced. The crime charged was not cognizable by the justice. All he could do was to take his examination and hold him for the action of the next grand jury. That was done. The plaintiff was discharged from custody, but that was not a determination that he was innocent of the offense charged against him. The prosecution was not thereby determined in plaintiff's favor, or determined at all, so far as appears by the case made. Until the grand jury met, and the case was presented and ignored, or the complainant failed to prosecute, the proceeding initiated before the justice was not ended. (*Bacon* v. *Townsend,* 6 Barb., 426; *Clark* v. *Cleveland,* 6 Hill, 344; *Thomason* v. *Demotte,* 9 Abb., 242; 2 Green. on Evidence, § 452.)

We conclude, therefore, from the exceptions before us, that the learned judge erred in not granting the nonsuit moved for at the close of the case, upon the ground that the proceedings and prosecution had not been terminated so as to allow this action to be brought.

The motion for a new trial is, therefore, granted, with costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

New trial granted, costs to abide event.