## LEWIS *v.* KAHN *et al.*

*(Common Pleas of New York City and County, General Term.* June 20, 1889.)

1. FALSE IMPRISONMENT—INSTRUCTIONS—PROVINCE OF JURY.
   In an action for false imprisonment, brought jointly against K., who requested a policeman to arrest plaintiff, and the policeman who made the arrest, but for another offense, viz., disorderly conduct, it appeared that plaintiff was "hollering" after being told to desist and threatened with arrest. *Held,* that a charge that "no question of disorderly conduct or breach of the peace could arise for the determination of the jury" was erroneous.

2. APPEAL—REVERSAL IN PART—JOINT TORT-FEASORS.
   A judgment entered on a verdict against joint tort-feasors cannot be allowed to stand as to one and be reversed as to the other for erroneous instructions as to the latter, but will be reversed *in toto.*

Appeal from trial term.

Action by Bannert Lewis against Bernhard Kahn and Martin F. Philbin for false imprisonment. The defendant Kahn kept a tailor-shop and store two doors from the plaintiff, and did the work for the police officers in that precinct. Something was thrown at Kahn's window, and broke a pane of glass, whereupon he came out and rushed over to plaintiff's, and grabbed hold of one of plaintiff's workmen, who was outside the entrance carrying in some of the goods preparatory to closing the store, and claimed that he threw the stone. The workman released himself, and Kahn went away and presently returned with two policemen, (one of whom is the defendant Philbin.) The police officers entered the building to arrest the workman, but failed to find him. Thereupon Kahn stated that he held the plaintiff responsible, and directed the policemen to arrest him. An altercation ensued, and plaintiff was arrested on a charge of disorderly conduct. Defendants appeal from a judgment entered on a verdict for the plaintiff, and an order denying their motion for a new trial.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*Henry R. Beekman, W. Hartwell,* and *Edwin L. Abbett,* for appellant Philbin. *Charles Steckler,* for appellant Kahn. *James W. Smith,* for respondent.

LARREMORE, C. J. With regard to the defendant Kahn's individual relation to the arrest the case seems to have been properly presented to the jury. But we think error was committed in that portion of the judge's charge relating to defendant Philbin, which will render a new trial necessary. Undoubtedly Philbin was brought to the scene of the arrest by Kahn, and he (Philbin) avers that, although he entered the plaintiff's premises, he did so with the permission of plaintiff's wife. Philbin further testifies that after he came out on the sidewalk again plaintiff and his wife applied opprobrious epithets to himself and other policemen present. "I started to drive the crowd away, and I turned around and said to Mrs. Lewis: 'Don't make any disturbance around here, go inside.' Mrs. Lewis laughed, and said, 'You thieves, loafers, and pickpockets,' addressed to me. Officers Taylor and Smith were there also. I went outside to drive the crowd away, they numbering all of a hundred, and Mr. Lewis was hollering. I asked him the second time not to make any disturbance. Mrs. Lewis said, 'This is my property, and I will do what I please.' I told him to go in the third time; if he did not keep quiet and go inside, I

would lock him up on a charge of disorderly conduct. He said, 'I will dare
and defy you.'" The testimony of Kahn corroborates that of the policeman to
the effect that plaintiff was guilty of noisy, violent, and defiant conduct, in the
open street, and in presence of a crowd, after having been warned by the
policeman to desist. It further appears that the charge at the station-house
against plaintiff was made by Philbin, and for disorderly conduct. With this
evidence in the case it was error for the trial judge to charge the jury as mat-
ter of law that no question of disorderly conduct or breach of the peace could
arise for their determination. We regard the rule stated in *Howell* v. *Jack-
son,* 6 Car. & P. 723, as the correct one: "'If the plaintiff made such a noise
and disturbance as would create alarm, and would disquiet the neighborhood
and the persons passing along the adjacent street, that would be such a breach
of the peace as would not only authorize the landlord to turn the plaintiff out
of the house, but it would also give the landlord a right to have the plaintiff
taken into custody if this occurred in the view of the watchman.' * * *
In a case like the present it should be left to the jury to determine whether
the conduct of the arrested party was calculated to disturb and alarm the
neighborhood, to attract a crowd, to lead to disorder or riot." See, also, *Mc-
Intyre* v. *Raduns,* 14 Jones & S. 123. The question as to whether a breach
of the peace had been committed by plaintiff should have been sent to the jury,
and they should further have been charged that, if they found affirmatively
on this point, and that the officer had made the arrest on his own responsi-
bility, because of such breach of the peace, a verdict should be given in favor
of both defendants.

The views above expressed necessitate an absolute reversal. We cannot,
as suggested by plaintiff's counsel, let the verdict stand solely as against the
defendant Kahn. It is the exclusive province of a jury to say, after they have
been correctly instructed on the law, whether either or both defendants shall
be held liable, and in what amount. We should therefore not be modifying
a judgment, as prescribed in section 1317 of the Code, but usurping the jury's
original function, and ourselves rendering a judgment for $500 against Kahn,
after reversing the joint judgment of the jury against Kahn and Philbin. The
practical injustice of such proposed action might be very great. We cannot
say but that a jury, upon a proper statement of the law, will find that a breach
of the peace was committed, and that the arrest took place in consequence
thereof. In that event both defendants will be exonerated. This question
was entirely withheld from the jury upon the trial, and both defendants (Phil-
bin directly, and Kahn indirectly) were substantially interested in having
them pass upon it. The judgment must be reversed, and a new trial ordered,
with costs to appellants, to abide the event. All concur.