.JOHN J. MOLLOY, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Malicious prosecution — burden of proof — when "probable cause" is a question of law — when it is established.*

In actions for malicious prosecution the burden is upon the plaintiff to show want of probable cause and malice upon the part of the defendant.

Where there is no dispute as to the salient features of the case, the question of probable cause is one for the court, and not for the jury.

Where the evidence is such that a reasonable man would think a person to be guilty of a felony which has been proved to have been committed, and where the fruits of the crime are found in the possession of the accused, and such possession is not explained or qualified by the accused when they are so found, nor for a considerable time thereafter, probable cause is established, and the person or corporation wronged is protected in making a complaint against the person in whose possession the fruits of the crime are found.

Appeal by the defendant, the Long Island Railroad Company, from a judgment, in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of April, 1890; and also from an order denying defendant's motion for a new trial, entered in said clerk's office on the 21st day of April, 1890, after a trial at the New York Circuit, at which a verdict was rendered in favor of the plaintiff for $5,000 damages.

*E. E. Sprague,* for the appellant.

*P. A. Hendrick,* for the respondent.

Van Brunt, P. J. :

This is an action for malicious prosecution. In the month of April, 1877, a boy, by the name of Thomas Keenan, procured from the defendant a set of commutation books, for a year's travel between Lawrence and Long Island City. The books were procured in the name of Arthur M. Jones and paid for by a check signed by the same name. The check proved to be a forgery. The defendant corporation then caused the arrest of Keenan, who, upon being arraigned, apparently made a full and frank confession of his own share in the transaction, and stated that he obtained the check from the plaintiff; that he saw the plaintiff write it, and the plaintiff gave it to him with instructions to do precisely as he did, and that plaintiff was then in possession of some of the commutation books

which had been obtained by means of the check, and that the plaintiff could be found at a Third avenue saloon which he frequented. Thereupon a complaint was made by one Cody, a special officer in the defendant's employ, and a warrant was issued by the justice for the plaintiff's arrest upon a charge of forgery. Cody took the warrant to New York and plaintiff was arrested by a city detective.

At the time of his arrest the plaintiff produced four of the commutation books and handed them to the officer. He claims to have told the detective officer of the company that he was innocent of the charge, but he made no explanation of how he came into possession of the books. He was taken to Long Island City and arraigned the next day, and an examination was had subsequently, when the procuring of the book, the giving of the check and the fact that the check was forged was proved ; and the boy Keenan repeated, under oath, the story which he had previously related. The examination was adjourned upon one or two occasions and finally the plaintiff, by his counsel, waived examination and elected to go before the grand jury. The plaintiff, in his evidence upon this trial, stated that he had no chance to make an explanation and that he did not waive examination, but the record shows that such examination was waived, and it must have been done by his counsel.

The plaintiff was committed by the magistrate; he was twice indicted by the grand jury, and on his trial at the Sessions a motion was made to dismiss, which was denied. At the close of the trial the plaintiff was acquitted.

There was evidence tending to show that, in consequence of certain statements made by Cody, the officer in the defendant's employ, to the person who had gone bail for the plaintiff in the criminal proceeding, he was surrendered and remained in custody until discharged at the end of his trial.

This action was brought for malicious prosecution, and the case was submitted to the jury upon the questions of probable cause and malice.

During the progress of the charge the court instructed the jury that, if they found there was a want of probable cause for suspecting or believing that this man was really the perpetrator of this

crime, or connected with its perpetration, and that the charge was inspired by malice, then the plaintiff would be entitled to recover.

The counsel for the defendant excepted to that portion of the charge in which the court said it was for the jury to say whether the defendant had probable cause in this case, and also requested the court to charge that, under the circumstances, as matter of law, there was probable cause, and excepted to that part of the charge in which it was stated that malice could be inferred from want of probable cause in any case.

The jury found a verdict in favor of the plaintiff, and from the judgment, and from an order denying a motion for a new trial, this appeal was taken.

The rule is well settled that, in actions for malicious prosecution, the burden is upon the plaintiff of showing want of probable cause and malice upon the part of the defendant, and that where there is no dispute as to the facts the question as to the existence of probable cause is one for the court. (*Anderson* v. *How*, 116 N. Y., 336; *Thaule* v. *Krekeler*, 81 id., 428.)

In the case at bar there is no dispute as to the salient features of the case, and, therefore, the question of probable cause was a question of law for the court, and not for the jury. The fact that this boy Keenan had procured from the defendant a set of commutation books upon a forged check was established without contradiction. Upon the arrest of Keenan he pretended to make a full and frank confession of his connection with the transaction, and that he had obtained the check from the plaintiff, had seen him write it, and that the plaintiff was then in possession of some of the commutation books which had been obtained by means of the check, and upon the plaintiff's arrest certain of these books were found in his possession.

Now, it is a familiar rule that the possession by a person of property recently stolen raises a presumption of guilt which may be considered by a jury, and, in the absence of explanation by such person, authorizes it to infer a criminal connection with its acquisition. (*People* v. *Weldon*, 111 N. Y., 569.)

In the case at bar we have the proof that a felony had been committed and that the plaintiff was in possession of a portion of the fruits of the felony, and that he made no explanation of how such fruits came into his possession. We think that, under these

circumstances, any reasonably prudent man might safely assume that the story of the boy Keenan was true. It is true that with the books was enclosed a letter in these words: " Jim, I do not want to buy these books. I am afraid they are not all right. J. Molloy."

But, in the absence of any explanation as to how he came into possession of the books, this letter contained not the slightest evidence of his innocence. On the contrary, it might safely be presumed to be the mere scheme of a guilty man to attempt to establish an innocent possession. It would appear from the evidence in the case that the plaintiff never opened his mouth for the purpose of saying how he came into possession of this property obtained upon this forged check until his trial on the indictment, contenting himself with stating that he was innocent.

We think if, under circumstances such as have been stated, a party has not reasonable cause to lodge a complaint, then no complaint can be made unless followed by conviction with any degree of safety. This is not the law. If the evidence is such that a reasonable man would think a person to be guilty of a felony which has been proved to have been committed, probable cause is established and he is protected in making the complaint.

It may be all very true, as claimed upon the part of the counsel for the respondent, that to arrest a person for the crime of forgery upon the statement of a self-confessed criminal, admittedly guilty, of having passed the forged instrument, without seeking to substantiate his story, warrants a finding of want of probable cause. But there is a material feature in the case which is omitted from this statement, and that is that the plaintiff was shown to have been in possession of a part of the fruits of the crime. It is undoubtedly true that the detective, Cody, in procuring the bail to surrender the plaintiff after he had been bailed, acted in a manner which is deserving of the highest censure ; but such acts cannot make the defendant guilty of malicious prosecution in lodging a complaint which they had reasonable grounds for believing to be true.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.