## ROBBINS *v.* ROBBINS.

*(Supreme Court, General Term, First Department.* June 26, 1891.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE.

In an action for malicious prosecution, the defense was that the prosecution was dismissed on the promise of the party prosecuted to refrain from molesting the prosecutor in the future. The magistrate was unable to testify positively as to the circumstances under which the warrant was dismissed, but thought, from certain canceled indorsements thereon, that bail had been first required, but that the party prosecuted had been afterwards discharged on her promise not to further molest the prosecutor. *Held*, that the uncertainty of the magistrate's testimony justified a submission to the jury of the question whether or not the dismissal was absolute, or as an act of clemency on the part of the magistrate. BARRETT, J., dissenting.

2. SAME—QUESTION FOR JURY.

Where there are no disputed facts, the question of probable cause is one of law, otherwise, the question of its existence is to be submitted to the decision of the jury.

Appeal from circuit court, New York county.

Action by Charlotte P. Robbins against Eliza T. Robbins for malicious prosecution. From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Norman A. Lawlor*, for appellant. *Wm. H. Reid*, (*Ezra P. Mills*, of counsel,) for respondent.

PATTERSON, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff in an action for malicious prosecution, and from an order refusing a new trial. The plaintiff was the daughter-in-law of the defendant. She was living separate from her husband, who had procured a decree of divorce against her. There was a child of the marriage, and the custody of the child had been awarded to the husband; but the plaintiff claims that an arrangement was made by which she was entitled to see it at various times. In February, 1887, the child was living with its grandparents in the city of New York, and it appears that the plaintiff, on or about the 8th day of that month, claiming the right to do so, in pursuance of the alleged arrangement, went to the house of the defendant's husband, and there made application to see the child. A disputed state of facts as to what took place at that time is the important matter with reference to the merits of the case, so far as the question of probable cause, hereafter to be referred to, is concerned. It appears that on that day, after the plaintiff had called, the defendant made application to a police magistrate of the city of New York for a warrant of arrest against the plaintiff, and upon a complaint made, charging disorderly conduct of the plaintiff during that visit, the police justice issued his warrant. The plaintiff was taken into custody, was kept in jail over night, and was released the next morning after an examination had. There were two issues of fact presented on the trial, and as to which the testimony was conflicting. It is so well settled in actions of this kind that, in order to entitle the plaintiff to recover, it must be made out clearly that the charge preferred was dismissed, and the plaintiff acquitted, or that the prosecution has ended in her favor, and that there was an entire absence of probable cause on the part of the person preferring the charge, that it is only necessary to indicate some of the authorities on the subject. Upon the first proposition, they are the following: *Bacon* v. *Townsend*, 6 Barb. 426; *Hall* v. *Fisher*, 20 Barb. 441; *Palmer* v. *Avery*, 41 Barb. 290; *Clark* v. *Cleveland*, 6 Hill, 344; *McCormick* v. *Sisson*, 7 Cow. 715, and 2 Add. Torts, p. 76,—and upon the second: *Bulkeley* v. *Keteltas*, 6 N. Y. 384; *Besson* v. *Southard*, 10 N. Y. 236; *Neil* v. *Thorn*, 88 N. Y. 270. The difficulty arising in this case seems

to relate principally to the condition of the proof as to the dismissal of the charges against the plaintiff before the police magistrate. According to the version given by the witnesses for the defendant, the charges were not absolutely dismissed, but upon the plaintiff virtually admitting she had done wrong, and promising to refrain from molesting the defendant in the future, the magistrate as an act of clemency discharged her from arrest, and allowed her to depart, indorsing upon the warrant that the charge was dismissed. On the part of the plaintiff, it was claimed that there was an absolute dismissal of the charge, and that it was equivalent to an acquittal. The magistrate himself, on being called as a witness, very frankly stated that in the multiude of cases that came before him it was impossible for him to remember all the details of this proceeding, and that his memory was not entirely clear with reference to it, but that according to the best of his recollection the testimony as given by the witnesses for the defendant, and which he had heard on the trial of this action, was substantially correct. On looking at the indorsement of the warrant, he found that the figures "$300" were written there, which would indicate that the plaintiff was to be held to bail in that amount, but that subsequently he erased that, and wrote "Dismissed;" and according to the record he says: "I dismissed the proceedings against her, and discharged her from custody on the promise that she would not molest Mrs. Robbins any longer; and then I indorsed the papers, 'Dismissed,' and that is the record of the case." This would be sufficient to show that the charges were not dismissed in such a sense as declared the innocence of the plaintiff, thus entitling her, as to that ground, to maintain the action, but for the fact that it is perfectly obvious (as the learned judge below thought) that the magistrate's memory was vague and indefinite, as the witness himself swore, and it was the duty of the judge to submit to the jury the question of fact arising on the proceedings in the police court. For the record itself, in its contradiction and obscurity, was evidence of nothing as it was made out, and could not, under the facts proven, be determinate of the question of acquittal or unconditional discharge, as ordinarily a record would be; and the learned judge was quite right, therefore, in leaving it to the jury to ascertain what the result of that proceeding was, as matter of fact, because there was conflicting evidence, and because, as the case was tried, it was for the jury to say whether or not the police magistrate's memory was to be relied on in corroboration of the theory of the defendant, or whether he was mistaken respecting what transpired on the hearing before him and induced his judicial action. That action of itself, in the state of the record, is not a justification or vindication of the defendant. Doubt was thrown upon the record, and a plain issue was presented and tried respecting it. The case made by the plaintiff did not fail altogether to show that the defendant acted without probable cause in procuring the arrest. The question of probable cause is one of law, where there are no disputed facts. *Molloy* v. *Railroad Co.*, 13 N. Y. Supp. 382, and cases there cited. But here there was a very sharp conflict respecting what transpired at the house of Capt. Robbins, the husband of the defendant, at the time of the occurrence which led to the arrest; and the learned judge very properly left it to the jury to dispose of that issue on all the facts, under that conflict of testimony. The instructions given in the charge upon both points now considered were entirely correct, and seem to have been acquiesced in by counsel on both sides. Under all the circumstances of the case as they appear on the record, we think the judgment and order appealed from should be affirmed, with costs.

BARRETT, J., (*dissenting.*) I am unable to concur in the affirmance of the judgment in this case. The testimony as to what transpired before the police justice was all one way. It conclusively established that the plaintiff was not acquitted by the police justice. On the contrary, that magistrate

concluded to hold her, but finally, as an act of clemency, and upon her promise not to molest the defendant any further, he put his initials to a formal discharge. The testimony to this effect is overwhelming and conclusive. It is, besides, substantially uncontradicted. When originally called by the plaintiff, the magistrate testified that his present recollection, though not clear as to all the circumstances, was that he "started in to put this case under bonds for good behavior," but that afterwards, for some reason, he erased that, and marked, "Dismissed." Subsequently the defendant and a witness named Mrs. Mary Spicer testified to what actually transpired, as above indicated, before the magistrate, giving a full and detailed account of what he said to the plaintiff, and of what she said to him. The magistrate was then recalled, and fully corroborated the defendant and Mrs. Spicer, stating that his memory was refreshed by their testimony, and by his examination of the papers in the case. The plaintiff, though examined as a witness upon her own behalf, did not deny the truth of this testimony, nor did she refer to the subject in any way. Thus there was no conflict whatever. The only testimony in the least affecting the defendant's version of what thus transpired was that of Officer Dwyer, but even he does not attempt to contradict either the defendant or Mrs. Spicer or the magistrate. He merely says that, when he was present in the court-room, which was for but a part of the time when the hearing was proceeding, he heard the magistrate make an observation somewhat inconsistent with an intention to hold the plaintiff for disorderly conduct. This officer's testimony may have been entirely true, and yet everything testified to by the three witnesses already named may have transpired. That single piece of testimony, therefore, was entirely insufficient to raise a conflict, or to carry the case to the jury. In my judgment the complaint should have been dismissed.