NELLIE E. FARRELL, Respondent, v. ALBERT FRIED-
LANDER and Another, Appellants.

*Malicious prosecution — probable cause — no dispute as to the facts inducing the defendant to procure the arrest — the question of probable cause is for the court alone.*

In an action brought to recover damages for malicious prosecution it appeared that the defendants were partners and were engaged in the manufacture of cloths; that large quantities of silk, which were to some extent under the control of the plaintiff, had disappeared; that one Deery was arrested for the larceny of cloaks belonging to the defendants, which were found at her residence; that Deery and the plaintiff were acquainted, and that Deery had obtained her position with the firm upon the plaintiff's recommendation; that when Deery was arraigned for the larceny she stated that she had obtained the cloaks by the assistance of plaintiff, and that she had made garments by the plaintiff's direction out of materials thus furnished by the plaintiff.

Upon this statement alone, one partner, named Corwin, without the knowledge or consent of the other, procured a search warrant, searched plaintiff's premises and found nothing.

*Held,* that there being no dispute as to the facts which influenced Corwin in procuring the warrant, the question of probable cause was one for the court alone, and that it was error to submit it to the jury.

The question as to when one partner is liable for the tortious acts of his copartner, considered by O'Brien, J.

How far a judgment against two joint tort feasors can be reversed as to one only, and be allowed to stand as to the other, considered by O'Brien, J.

Appeal by the defendants, Albert Friedlander and Walter E. Corwin, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 9th day of February, 1883, upon a verdict for the plaintiff for $2,500, after a trial at the New York Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 14th day of February, 1883, denying a motion to set aside the verdict and for a new trial.

*Charles Donohue,* for the appellants.

*T. F. Neville,* for the respondent.

O'Brien, J.:

The action was brought to recover damages for the alleged malicious prosecution by defendants of the plaintiff. In the year

1880, the defendants, as partners, were engaged in the manufacture of clothes, and the plaintiff was a designer in their employ. For some time prior to the alleged wrongful prosecution the defendants missed, upon various occasions, large quantities of silk and other articles, which, as the evidence showed, were to some extent subject to plaintiff's control. Finally, Mrs. Elizabeth Deery was arrested for the larceny of some cloaks belonging to defendants, which were found upon her person and at her residence. When arraigned before one of the police justices she stated that the stolen property had been obtained by her through the assistance of the plaintiff, and that out of the material that had thus been furnished various garments had been made by her at the plaintiff's direction.

It also appeared that Mrs. Deery and plaintiff were acquainted, having formerly worked together at H. B. Claflin & Company's, and Mrs. Deery had been employed by the defendants upon the plaintiff's recommendation. Claiming to be influenced by these considerations, the defendant Corwin caused a search warrant to be issued, and in company with a police officer went to the plaintiff's apartment, and after an examination found no goods belonging to them in her possession. In addition to this circumstance, that no goods were found in her possession, the plaintiff showed that she was of good character, and had been engaged at a salary of forty dollars a week for many years by wholesale houses, and out of her earnings had maintained herself, father and four or five brothers and sisters.

It was also shown that the defendants, by reason of their business having fallen off, were desirous of being freed from the contract which they had made with the plaintiff to pay her the salary mentioned for the entire year of 1880, and in furtherance of this wish they had changed her employment, and for a portion of the time had refused to pay her salary, out of which a law suit arose between the parties, no doubt engendering feeling. It is these facts upon which plaintiff relies to justify her allegation that there was want of probable cause, and to support her charge of malice against the defendants in procuring the search warrant.

The two questions presented upon the appeal are, first, was there evidence sufficient to go to the jury as to Friedlander's responsibility for the act of his partner, Corwin, in the procuring of the warrant;

and, second, did the judge err in charging the jury as to the principle which should guide them in determining what did or did not constitute probable cause. As to the first, the evidence shows that it was the defendant Corwin that appeared before the police justice on the occasion of Mrs. Deery's examination. He it was to whom the latter stated the fact of plaintiff's complicity in the theft; and it was he that immediately thereupon swore to the affidavit upon which the warrant was obtained, and who afterwards accompanied the officer to plaintiff's residence to conduct the search. The defendant Friedlander denied that he had anything to do with causing the prosecution of plaintiff; nor was it shown that he in any way, up to the time of the issuance of the warrant, approved or co-operated with his partner Corwin. The only theory, therefore, upon which his liability for the act of Corwin could be predicated would be that he was responsible for Corwin's act, while acting within the scope of his partnership business, in doing all he did to recover the stolen property. It is true there is a line of cases which go to the length of holding, in regard to the law relative to the joint liability of partners, as stated in Abbott's Trial Evidence, page 217: That "if the act itself was one within the scope of the business, and done as such, then it is not material that the other partners were ignorant and innocent; nor that it was willful; otherwise, if the act was wholly foreign to the business. If the act was presumptively a partnership act, because, though not in the line of the trade, it was incidental to the exercise of an implied power — as where a partner in collecting a debt due the firm directs an officer to make a tortious levy — then the act of one partner is presumptively that of all, and evidence that they, with knowledge of the facts received the benefits of it, is conclusive against them."

It will be noticed, however, that the principle underlying the liability of one partner for the torts of another is governed by the principles of the law of agency, and, like the liability of a master for the tortious act of his servant, is confined within the limits of the implied authority with which each partner is vested by virtue of the partnership relations. Undoubtedly, as stated by Mr. Abbott, where one receives the benefit of the tortious act of his partner, or where the act was presumptively a partnership act or incidental to the exercise of an implied power, there the other partners, upon the

well-settled principles of agency, would be liable. I can find, however, no case which goes to the extent of holding that the malicious prosecution of offenders has been admitted to be within the power constructively delegated to one partner as the agent of another.

In *Mali* v. *Lord* (39 N. Y., 381), which was a case where a superintendent and clerk called a policeman at the store of their employer and directed him to arrest and examine the person of a lady suspected of stealing goods, the court said: "The inquiry is, whether a merchant, by employing a clerk to sell goods for him in his absence, or a superintendent to take general charge and management of his business at a particular store, thereby confers authority upon such clerk or superintendent to arrest and detain and search any one suspected of having stolen and secreted about his person any of the goods kept in such store." The conclusion reached was, that he was not; the reason being that it will not be presumed that a master, by intrusting his property to a servant and conferring power upon him to transact his business, thereby authorizes him to do any act for his protection that he could not lawfully do himself, if present. The principle of agency which underlies the question of the master's liability for the act of his servant is analogous to that upon which the liability of one partner for the acts of another is predicated. The cases are numerous that it is only for acts relating to the copartnership business, or which fall within the express or implied powers or duties of a copartner, that one becomes the agent for his copartners. I do not think it can be claimed that a prosecution undertaken by one partner, without consultation with and approval by his copartner, can hold the latter liable, because it cannot be assumed that a malicious prosecution by one, even in regard to supposed thefts of partnership property, is within the scope of his partnership authority so as to make him, in respect thereto, the agent for his copartners. There being in the case, therefore, no evidence to show that the defendant Friedlander was in any way consulted, took part in, knew of or approved of the prosecution undertaken by Corwin, he should not be held responsible for the latter's tortious act.

Judgment here having been against joint tort feasors, as it must be reversed as to one, it is doubtful if it can be permitted to stand as against the other.

*Lewis* v. *Kahn* (5 N. Y. Supp., 661), is authority for the propo-
sition that a judgment entered on a verdict against joint tort feasors
cannot be held to stand as to one and be reversed as to the other for
erroneous instructions as to the latter, but will be reversed *in toto.*

If, however, the judgment in all other respects was free from error,
we should be reluctant to disturb it, and this brings us to a considera-
tion of the second principal question presented on this appeal, as to
whether the learned trial judge was in error upon the question of proba-
ble cause. At the beginning of his charge the trial judge correctly
stated the rule of law, by reading from a report the definition of proba-
ble cause as laid down by the courts of this State, as follows : "All the
books agreed that proof of express malice is not enough without show-
ing also the want of probable cause. Probable cause has been defined
a reasonable ground of suspicion, supported by circumstances suffi-
ciently strong in themselves to warrant a cautious man in the belief
that the person accused is guilty of the offense with which he is
charged. However innocent the plaintiff may have been of the
crime laid to his charge, it is enough for the defendant to show
that he had reasonable grounds for believing him guilty at the
time the charge was made." Subsequently, however, the learned
judge inadvertently fell into an error in charging as follows: "The
rule in a criminal prosecution is that no person can be convicted on
the evidence of an accomplice, unless that accomplice is corroborated
by other testimony in material matters; in this case Mrs. Deery, if
her story is to be believed at all, was an accomplice, and it is for
you to say, on the evidence, whether she has been corroborated, so as
to satisfy you, as jurors upon your oaths, that there was any justifica-
tion whatever for the complaint which was made by the defendants."

This position of the learned judge was emphasized when requested
by the defendants to charge as follows: "If the jury believe the
testimony of the witness Deery, the plaintiff cannot recover." The
judge stated as follows: "I charge in regard to that, as I have
already said, that in a criminal prosecution no verdict can be had
against the defendant on the testimony of an accomplice alone,
unless that accomplice is corroborated as to some material fact, and
the same rule substantially prevails in regard to actions of tort."
To the charge made and to the refusal to charge as requested,
exceptions were duly taken. It seems to us that it was error for the

trial judge to charge the jury that in a criminal prosecution no verdict can be had against the defendant on the testimony of an accomplice unless that accomplice is corroborated as to some material facts, and that the same rule substantially prevails in regard to actions of tort; and that for this reason if Mrs. Deery's testimony is believed by the jury, it would not be sufficient basis for the existence of probable cause. It must be remembered that the action was based upon what took place in 1880, and that the Code of Criminal Procedure which contains the present rule as to the testimony of accomplices, was enacted on June 1, 1881. It is true that since that time, and at the time of the trial, the rule under section 399 of that Code was that a conviction could not be had on the testimony of an accomplice, unless corroborated. Prior, however, to that date such was not the rule. (*People* v. *Everhardt,* 101 N. Y., 591; *People* v. *Dyle,* 21 id., 578.)

In the latter case it was stated: "There is no rule of law which prevents a conviction on the testimony of an accomplice alone. The utmost caution should undoubtedly be exercised; but juries are nevertheless at liberty to convict on the unsupported testimony of a confederate in the crime." And in the *People* v. *Everhardt (supra),* EARL, J., says: "Prior to the enactment of this section (399 of the Code of Criminal Procedure), it was customary for judges to instruct jurors that they should not convict a defendant of crime upon the evidence of an accomplice unless such evidence was corroborated; and yet it was the law in this State that a defendant could be convicted upon the uncorroborated evidence of an accomplice if the jury believed it." It will thus be seen that the rule laid down by the learned judge was given a retrospective operation, and, as applied to occurrences in 1880, the defendant's liability was measured by a principle that at that date was, as yet, unknown to the law. Apart, however, from this consideration, because we might assume that the learned judge was stating the law as it existed at the date of the trial, and that view might have found support, we think that the whole charge is susceptible of a construction that destroys the distinction between evidence necessary to convict a criminal and the evidence necessary to show reasonable cause for the prosecution. All the authorities are uniform in holding that these questions are distinct and independent. As shown by the portion read from the

report by the learned judge himself, it becomes apparent that the evidence required of defendant, to show probable cause in order to justify the prosecution, is entirely different from the character or strength of the evidence which would be necessary to convict one of crime. We think, moreover, that it was error to refuse to charge the request that if the jury believed the testimony of Mrs. Deery, that then the defendants were entitled to a verdict, for the reason that her testimony went to support the version that she gave in the Police Court, that plaintiff was an accomplice with her in stealing defendant's property. It was undoubtedly, therefore, a sound proposition of law that if the woman Deery was to be believed, there was probable cause for the prosecution; and, as said in *Molloy* v. *The Long Island Railroad Company* (13 N. Y. Supp., 383), that where there is no dispute, as to the facts, the question as to the existence of probable cause is one for the court.

We are of opinion, for the reasons given, that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J.:

I concur in result. There was no question for the jury upon the question of probable cause; that question depended upon the information which Corwin had before he acted. There was no dispute in respect to that, and, consequently, the question of probable cause was one for the court, and not the jury.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.