(5 Misc. Rep. 552.)

## RICHARD v. BOLAND.

(Superior Court of New York City, Special Term.　October, 1893.)

MALICIOUS PROSECUTION—PROBABLE CAUSE.
　　In an action for malicious prosecution, in charging plaintiff with unlawfully selling, under defendant's labels, an article inferior to that manufactured by defendant, it appeared that defendant made his complaint against plaintiff on information derived from three witnesses, who, on personal knowledge, made affidavits tending to show plaintiff's guilt. One of these affiants, a printer, stated that plaintiff had ordered of him a large quantity of labels. It also appeared that plaintiff had no authority from defendant to order the labels. *Held,* that there was probable cause for the prosecution.

Action by Louis C. Richard against Claude M. Boland for malicious prosecution.　The complaint was dismissed, and plaintiff moves for a new trial on the minutes.　Denied.

Metzger & Goldey, for the motion.
Coudert Bros., opposed.

McADAM, J.   The action is for malicious prosecution, under the following facts:· The defendant, a manufacturer and dealer in patent sewing-machine needles, discharged the plaintiff from his employ on suspicion that he had been unlawfully selling an inferior article of needle under the defendant's label and trade-mark.   The defendant thereafter went before·a police magistrate, accompanied by three witnesses, all of whom made affidavits proving that the offense had been committed.   The defendant's affidavit was based largely on information received from the three witnesses who accompanied him, and their affidavits were made on personal knowledge, whereupon the magistrate issued his warrant, in due form, pursuant to section 364 of the Penal Code, in reference to counterfeit trade-marks.   The papers made out a strong prima facie case against the plaintiff.   Upon being arrested, he demanded an examination, which was had, and the witnesses reiterated their former assertions, notwithstanding which the magistrate discharged the plaintiff, who now sues to recover $20,000 for malicious prosecution.   The plaintiff, at the trial, offered in evidence the record of the magistrate, together with all the evidence given before him, so that the same was before the court for consideration.   In addition to this, the plaintiff called Mr. Ballard, the printer, who had previously testified before the magistrate, and he reiterated his former testimony, in which, among other things, he said that on January 13, 1886, the defendant ordered 21,500 labels, for which he paid $9.25, and that they were in separate slips; that on March 10, 1887, the plaintiff ordered 20,000 similar labels, in slips of 10 each, for which he paid $8.50.   This last lot was ordered without the·authority of the defendant, and constituted the fraudulent labels the plaintiff was charged with using.   This testimony,,with evidence proving the unauthorized use, made out a prima facie case against the plaintiff sufficiently strong to have authorized the magistrate to hold the plaintiff for trial, and ample to furnish probable cause for his arrest.   However innocent the plaintiff may have been, it was enough for the defendant to show that·he had reasonable ground for believing him guilty of the offense at the time the charge was made.   Newell, Mal. Pros. 265; Hazzard v. Flury, 120 N. Y., at page 227, 24 N. E. 194; Wass v. Stephens, 128 N. Y., at page 128, 28 N. E. 21; Mohar v. Simmons, 3 N. Y. St. Rep. 293.   To hold the defendant liable, both malice and want of probable cause must concur, and the want of probable cause cannot be inferred from any degree of express malice.   Newell, Mal. Pros. 265.   The burden was upon the plaintiff to prove both of these essentials to liability.   Anderson v. How, 116 N. Y. 336, 22 N. E. 695; Thaule v. Kreheler, 81 N. Y. 428; Fagnan v. Knox, 66 N. Y. 525; Kingsbury v. Garden, 45 N. Y. Super. Ct. 224, 232; Richardson v. Virtue, 2 Hun, 208.   The plaintiff signally failed to make out his cause of action, and, there being no substantial dispute as to the facts, the question of probable cause was one for the court, and it would

have been error to have sent the case to the jury.   Farrell v. Fried-
lander, 63 Hun, 254, 18 N. Y. Supp. 215; Anderson v. How, 116
N. Y. 336, 22 N. E. 695; Hazzard v. Flury, 120 N. Y. 223, 24 N.
E. 194; Thaule v. Kreheler, 81 N. Y. 428.   See, also, Willard v.
Holmes, Booth & Haydens, (Com. Pl. N. Y.) 21 N. Y. Supp. 998, where
the subject is fully discussed.   The plaintiff's counsel claimed that
the court erred in refusing to receive affirmative evidence of the
plaintiff's good character in aid of the legal presumption already
in his favor, and cited Newell, Mal. Pros. 465, 466, to sustain his
contention.   That work certainly favors the proposition stated,
on the authority of McIntire v. Levering, 148 Mass. 546, 20 N. E.
191, where such evidence was admitted.   That was a case in
which the plaintiff had been charged with larceny, and the court
held the evidence material, in the first instance, on the question
of probable cause.   The ruling is opposed to the practice laid down
by Greenleaf, (volume 1, § 55,) citing Gregory v. Thomas, 2 Bibb.
286; and, whether admissible or not in a case where the original
arrest was for felony, it was clearly not competent in an action
like this, where the arrest was for a specific misdemeanor, not in-
volving moral turpitude.   The purpose of such evidence in crim-
inal cases is to establish a reasonable doubt as to the guilt of the
prisoner.   Remsen v. People, 43 N. Y. 6.   In the present instance,
it was material, if at all, to prove him innocent of selling packages
of needles with the defendant's labels affixed thereto,—a conclu-
sion not warranted by the character of the proof.   The evidence
offered could have had no effect whatever upon the result.   No
error was committed in excluding evidence as to general character,
which no one had impeached, or in dismissing the complaint for
failure of proof in the respects stated, and the motion **for a new
trial** must be denied.