WILLIAM J. HAZZARD, Respondent, *v.* WILLIAM H. FLURY, Impleaded, etc., Appellant.

Where in an action for malicious prosecution the facts are undisputed and but one inference can be drawn from them, the question of probable cause is one of law.

Where the defendant in such an action had secured a warrant for the arrest of the plaintiff for larceny, *held*, the fact that the defendant was advised by his counsel that certain acts of plaintiff constituted a larceny, while proper upon the question of malice, did not form the basis for a finding of fact that he had probable cause to believe the plaintiff guilty. Probable cause may be founded on misinformation as to facts but not as to law.

*It seems*, the question as to whether a person has probable cause to make a criminal accusation against another is not necessarily dependent upon the guilt or innocence of the accused, or upon the fact that the crime has been committed; if the apparent facts are such that a discreet and prudent person would be led to the belief that a crime has been committed and by the accused, he will be justified, although he was deceived and the party accused was innocent.

In an action for malicious prosecution, it appeared that defendant furnished plaintiff a quantity of rugs under an agreement that when called upon to do so by defendant he would return them in good order, or the cash, or a properly signed lease for them. Defendant subsequently put in the hands of his attorney a statement of the rugs he claimed plaintiff had not returned or accounted for. It was agreed between the parties that defendant should receive in full settlement a specified sum of money and thirteen rugs. Plaintiff paid the money and promised to deliver the rugs in a few days. Before such payment, defendant, accompanied by his attorney, had gone before a magistrate and made complaint, in writing, that plaintiff had appropriated to his own use a rug belonging to defendant, it being one of those embraced in the statement. A warrant was issued, but not served until after the tender to defendant of thirteen rugs which plaintiff claimed were such as the agreement called for, but which defendant claimed was not. *Held*, the facts did not permit an inference that defendant had probable cause to believe plaintiff guilty of larceny; and that the court did not err in so instructing the jury.

(Argued March 19, 1890 ; decided April 15, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made January 23, 1883, which affirmed a judgment in favor of the plaintiff

entered upon a verdict and affirmed an order denying a motion for a new trial. This was an action to recover damages for malicious prosecution. The facts so far as material are stated in the opinion.

*R. W. Newhall* for appellant. The plaintiff, in order to maintain his action, was bound to show that, in causing his arrest and subsequent prosecution, the defendant was actuated by malice, and also that he had no probable cause to believe that plaintiff was guilty of the crime charged against him. (Penal Code, § 528; Abb. Dig. 141.) A person knowing, or having probable cause to suspect that another has been guilty of a crime, may prosecute him without regard to the fact of whether he is guided by a desire to benefit the public or by some private spite or reason of his own. (*Heyne* v. *Blair*, 62 N. Y. 22; *Wheeler* v. *Nesbit*, 24 How. [U. S.] 544; *Sutton* v. *Johnstone*, 1 T. R. 493.) The absence or presence of probable cause does not depend upon the fact of offense having been committed, or that the accused is innocent or guilty of such offense, but upon the prosecutor's belief or strong suspicion of the truth of the charge made by him based upon reasonable grounds. (*Carl* v. *Ayers*, 53 N. Y. 17; *Bacon* v. *Towne*, 4 Cush. 238, 239; *Scanlon* v. *Townley*, 2 Hilt. 489; *McKown* v. *Hunter*, 39 N. Y. 625; *Fagan* v. *Knox*, 66 id. 526; *Baldwin* v. *Weed*, 17 Wend. 224.) Probable cause is described by the authorities to be such facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, reasonably and without prejudice upon facts within his knowledge to believe the person accused is guilty of the charge made against him. (*Bacon* v. *Towne*, 4 Cush. 238, 239; *Carl* v. *Ayers*, 53 N. Y. 17; *McGwin* v. *Brackett*, 33 Me. 331.) The defendant is not responsible for the conclusions of law which the police justice may draw from the statement made in the complaint of the prosecutor; he is responsible only for such statements, and, if they are true, the action of malicious prosecution cannot be maintained. (*Thaule* v. *Krekelu*, 81 N. Y. 428.) Where one makes a complaint

before a police magistrate on a subject-matter over which the magistrate has a general jurisdiction, and a magistrate thereupon issues a warrant upon which the party complained of is arrested, the complainant is not liable in an action for false imprisonment, although the facts stated in the complaint do not constitute a criminal offense so as to give the magistrate authority to act in the particular case. (*Van Lathan* v. *Libby,* 38 Barb. 339.) Advice of counsel in favor of the prosecution fairly given and acted on is an absolute bar to this action. It repels the presumption of malice, an indispensable ingredient in this action. (*Hall* v. *Suydam,* 6 Barb. 83 ; *Stone* v. *Swift,* 4 Pick. 380 ; *Ravenger* v. *McIntosh,* 2 Barn. & Cress. 693 ; *Laird* v. *Taylor,* 66 Barb. 139.)

*Wm. J. Gaynor* for respondent.

PARKER, J. The only question requiring consideration is presented by an exception to the charge. The court instructed the jury that the plaintiff did not commit an offense and defendant did not have probable cause to believe that he had, and submitted to their consideration the question of malice only. The defendant excepted. Where facts are undisputed and but one inference can be drawn from them, the question of probable cause is one of law for the court.

The facts, so far as that proposition is concerned, are not in dispute. If then, they do not permit an inference that defendant had probable cause to believe that the plaintiff had committed an offense against the law, the instruction was right.

The defendant furnished to the plaintiff a quantity of rugs under an agreement which provided that when called upon to do so by the defendant, the plaintiff should return the rugs to the defendant in good order, or the cash, or a properly signed lease for the same.

In March of the year following the defendant placed in the hands of his attorney a statement of the rugs, which he claimed the plaintiff had not returned or accounted for, as provided by the agreement. The amount claimed to be

unpaid was $88.25. After notice the plaintiff called upon the attorney and disputed the correctness of the account. He tendered to defendant, personally, the sum of $42.00, at the same time insisting that it was the only sum owing by him. It was finally agreed that the defendant should receive in full settlement of the account, and, consequently, in payment of the rugs theretofore delivered, $36.25 in money and thirteen Smyrna thirty-inch rugs. As to the quality and character of the rugs to be delivered pursuant to this settlement the parties differ.

That difference, however, is of no importance here, except in so far as it throws light upon the after conduct of the parties.

Subsequently the plaintiff, in two installments, paid the sum of money agreed upon. When he made the last payment he presented an excuse for his failure to deliver the rugs called for by the settlement and promised that it should be done in a few days. Two or three hours before such payment and conversation, the defendant, accompanied by his attorney, had gone before a committing magistrate and made complaint in writing that the plaintiff had appropriated to his own use a rug belonging to the defendant. The rug referred to being one of those embraced in the statement which formed the basis of the settlement heretofore alluded to.

A warrant was issued thereon the same day, but the defendant was not apprehended for several weeks thereafter. When the defendant received the last installment of money he did not inform the plaintiff of the steps he had taken to procure his arrest. And for some reason, not explained, the warrant was not, in fact, served until after the purchase and delivery to the defendant of thirteen rugs, which plaintiff claimed was in strict fulfillment of the terms of settlement.

The defendant refused to receive them because they were not John Bromley & Son's rugs, and, therefore, as he claimed, not in accordance with the agreement.

Now, can it be said that these facts permit an inference that the defendant had probable cause to believe that the plaintiff was guilty of larceny?

By the original agreement plaintiff had the right to take the rugs, sell, lease or keep them in his possession until after demand made for their return by the defendant. Not until after demand and refusal could the plaintiff be in the wrong. But the right to make such demand, as to this rug, was waived by the defendant when he made the agreement of settlement to which we have referred. Thereafter the plaintiff had the right to the possession of the rug.

The fact that his counsel may have advised him otherwise, while proper upon the question of malice, does not form the basis for a finding of fact that he had probable cause to believe the plaintiff guilty of larceny. Probable cause may be founded on misinformation as to the facts, but not as to the law.

The facts within his knowledge did not indicate that a crime had been committed. They did not tend to cause a man with knowledge of the law to suspect or believe that it had been violated, and the defendant was bound to know the law.

The court, therefore, rightly instructed the jury, as a matter of law, that the defendant, in causing the arrest of the plaintiff, did so without probable cause to believe that an offense had been committed by the plaintiff. One of the reasons assigned, inadvertently, as we think, by the trial judge for such instruction was not well founded. He asserted that no offense having been committed there could not be probable cause to justify the action of defendant. On the contrary, the rule is that whether a person have probable cause to make a criminal accusation against another is not necessarily dependent "upon the guilt or innocence of the accused, or upon the fact whether a crime has been committed. * * * If the apparent facts are such that a discreet and prudent person would be led to the belief that a crime has been committed by the person charged he will be justified, though it turns out that he was deceived, and that the party accused was innocent." (*Carl* v. *Ayers,* 53 N. Y. 14.) But as we have held the judge correctly determined the question of probable cause and the fact that he may have been led to a right decision in

part by erroneous reasoning, cannot be complained of by the defendant.   It is the decision, and not the mental process by which it is reached, which is the subject of an exception.

The judgment should be affirmed.

All concur.

Judgment affirmed.