(24 Misc. Rep. 235.)

## BROWN v. McBRIDE.

(Supreme Court, Trial Term, Queens County. July, 1898.)

1. TRIAL—PROVINCE OF COURT AND JURY.

The rule that where the evidence upon a question of fact in a jury trial is undisputed, and different inferences may not be reasonably drawn therefrom, the decision is for the court, and not the jury, is general, and not confined to the question of probable cause in an action for malicious prosecution.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.

In an action for malicious prosecution, lack of probable cause is evidence of malice, but not conclusive, although malice may be found therefrom alone.

3. SAME—ADVICE OF COUNSEL AS DEFENSE.

Where the question of probable cause in instituting a prosecution is for the court, the fact that defendant was acting under advice of counsel is no defense thereto.

4. SAME.

Where the question of probable cause is for the jury, the advice of counsel is material in determining whether there was probable cause, but is not conclusive.

5. SAME—MITIGATION OF DAMAGES.

Proof of advice of counsel is material to show the nonexistence of malice in an action for malicious prosecution, and to prevent or mitigate smart money, but it cannot mitigate actual damages.

Action by Joseph Brown against James McBride for malicious prosecution. Judgment for defendant. Plaintiff moved for a new trial. Motion denied.

Leonard J. Langbein, for plaintiff.

Albert G. McDonald, for defendant.

GAYNOR, J. Where the evidence upon a question of fact in a jury trial is undisputed, and different inferences may not be reasonably drawn therefrom, the decision of the fact is for the court and not for the jury. Wright v. Bank, 110 N. Y. 249, 18 N. E. 79; Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194. This is often repeated as if only applicable to the question of probable cause in an action for malicious prosecution, whereas it is a general rule.

In the case at bar, the court instructed the jury that there was no probable cause for the prosecution. It then instructed them that such lack of probable cause was evidence of the malice necessary to sustain the action, and that they might find such malice from it alone. There was no error in this. The court refrained from charging the jury that such malice had to be found from lack of probable cause, and that they must render a verdict for the plaintiff, only leaving to them to ascertain the amount of damage. It may well seem that the true principle is that that modified degree of malice necessary to sustain the action follows as a legal conclusion and must be found from lack of probable cause; but the cases have now strayed too far away from this to permit us to do more than look back to it, if even that. It is the rule, whether logical or contradictory, that though there was no probable cause, viz., no such facts and appearances as would lead a reasonably careful person to believe that the plaintiff had commit-

ted the offense, the jury may nevertheless find for the defendant on the ground that there was no malice. Greenl. Ev. (15th Ed.) § 453, and note a. Thus the question of malice is distinct from that of probable cause. Malice has to be proved as an independent fact in order to sustain the action. Want of probable cause is evidence of malice, but not conclusive, and that is the only connection between want of probable cause and malice.

The court charged the jury that if they found for the plaintiff he was entitled to his actual damage at all events; but that if they found that the defendant instituted the prosecution in wanton and reckless disregard of the rights of the plaintiff, they might find therefrom that degree of malice which would enable them to add smart money to the amount of the actual damage. There was no error in this. Prince v. Brooklyn Eagle, 16 Misc. Rep. 186, 37 N. Y. Supp. 250; Ullrich v. Press Co., 23 Misc. Rep. 168, 50 N. Y. Supp. 788; Cady v. Publishing Co., 23 Misc. Rep. 409, 51 N. Y. Supp. 198; Shanks v. Stumpf, 23 Misc. Rep. 264, 51 N. Y. Supp. 154.

The court charged the jury that even though the defendant may have stated all of the facts to his counsel, and acted upon his advice, that did not make a case of probable cause, and thus entitle the defendant to a verdict. This is a subject upon which there has been much of inadvertence, it being often said that advice of counsel that the plaintiff was guilty of the offense, given upon all of the facts, is a complete defense; but that this is not the rule is no longer open to discussion with us. Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194. Where the undisputed facts make the question of probable cause for the court, advice of counsel is of no weight on that head. Where the question is for the jury, advice of counsel is material and no doubt of much weight in respect of whether there was probable cause, viz., whether the facts and appearances were such as would lead a reasonably careful person to believe that the plaintiff was guilty of the offense. It is also material, even though lack of probable cause be found, on the question of the existence of that degree of malice which is a necessary ingredient to the cause of action, and also on the question of whether the defendant had that higher degree of malice for which smart money may be given. In other words, proof of advice of counsel is material to show the nonexistence of the malice essential to sustain the action, and if that exists and the plaintiff is thus entitled to recover his actual damage, it is material to wholly prevent, or to mitigate smart money. It cannot mitigate the actual damage, for that the plaintiff is entitled to recover in full if he recover at all. The actual damage done by a tort cannot be whittled down or mitigated. Evidence in mitigation has to do only with the question of smart money. Millard v. Brown, 35 N. Y. 297, and cases supra.

The motion for a new trial on the minutes is denied.