LANGLEY v. EAST RIVER GAS CO. OF LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR JURY.
    Where there is a conflict as to whether there was probable cause for an arrest, the question becomes one for the jury.

2. SAME—SUFFICIENCY OF EVIDENCE.
    As tending to show that an arrest for an illegal appropriation of gas, prohibited by Pen. Code, § 651, subd. 1, was with probable cause, it was shown that gas burned at certain jets in the building after the meter was removed. On the part of accused, evidence was introduced to the effect that another connection existed, which sufficed to supply gas to these jets. *Held*, that the explanation was not so improbable or impossible as to require the jury to reject it, although it was denied that the connection could have had the effect attributed to it.

3. SAME—INSTRUCTIONS—MALICE.
    In an action for malicious prosecution, the court stated that, in addition to showing arrest and discharge, it must appear that the prosecution was without probable cause and malicious. He also stated: "What you have-

to find here, before you can give a verdict for the plaintiff, is that this prosecution in the justice's court was without probable cause, and from that lack of probable cause you may find malice, and in that way you make this case out to be a malicious prosecution, and until you do that the plaintiff has no cause of action at all." *Held*, that there was a sufficient presentation of the question of malice as an ingredient in malicious prosecution, in the absence of a request for fuller instructions.

4. SAME—INFERRING MALICE.
      An instruction, in an action for malicious prosecution, that, from lack of probable cause, the jury may find malice, does not require the jury to infer malice, nor does it state that facts sufficient to prove want of probable cause are necessarily sufficient to warrant a verdict for plaintiff.

5. SAME—PROBABLE CAUSE—MALICE.
      Where a criminal prosecution is instituted without probable cause, and is prompted by personal spite or ill will, it will be deemed malicious, under any definition of "malice."

Appeal from trial term, Queens county.

Action by John Langley against East River Gas Company of Long Island City. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. Burnham Moffat, for appellant.
Daniel Noble, for respondent.

WILLARD BARTLETT, J. This is a suit for malicious prosecution. The plaintiff was the occupant of premises in Long Island City, to which gas was furnished by the defendant. In January, 1897, the defendant's chief engineer made a complaint against him before a justice of the peace charging him with having violated the provisions of subdivision 1 of section 651 of the Penal Code, under which it is made a misdemeanor to connect any contrivance with a pipe used for supplying illuminating gas in such a manner as to supply such gas to any burner, where it can be used without passing through the meter provided for registering the quantity consumed. Mr. Langley was arrested upon this charge, and, after a hearing before the magistrate, upon which the complainant and two other employés of the defendant corporation were examined, the criminal prosecution was dismissed.

The East River Gas Company has not sought to evade responsibility for the action of its chief engineer in prosecuting this charge, but it insists that there was probable cause for instituting the prosecution, and that it acted without malice in the matter. The accusation was based upon the alleged discovery of a false connection in the gas piping in the cellar of the premises occupied by the plaintiff. In the latter part of December, 1896, according to the testimony of a foreman and a gas fitter in the employ of the defendant, these two witnesses found this false connection, which had not been placed there by the East River Gas Company, so attached to the system of piping as to permit the burning of gas in various parts of the plaintiff's building without passing through any of the meters which were provided to register the quantity consumed. The learned trial judge charged the jury that, if such a connection actually was

58 N.Y.S.—63

there at the time stated, then the defendant's representative or agent acted upon probable cause in making the criminal charge; but, if there was no such connection there, there was no probable cause for the accusation. The plaintiff himself positively denied that there had been any such false connection in his cellar, either at the time stated by the defendant's witnesses or at any other time. It certainly was not there when the defendant's witnesses again visited the premises, after the criminal proceedings had been instituted. but, of course, it might have been removed after the complaint was made. At all events, there was a direct conflict of evidence as to whether it had ever been there at all or not, and the trial judge treated the question of the existence or absence of probable cause as dependent upon what the jury should find the fact to be in this respect. He was plainly right in so doing. The facts, being disputed, took the question of probable cause away from the court, and made it a question for the jury. Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21. As the jury found in favor of the plaintiff, they must have determined this issue adversely to the defendant. This involved the conclusion on their part that there never had been any such false connection of the piping on plaintiff's premises as was testified to by the witnesses for the defendant.

It is earnestly insisted that the verdict is contrary to the evidence in this respect, but we are unable so to regard it. The most important fact tending to show the existence of the alleged false connection was that gas burned at certain jets in the plaintiff's building after his meter was taken out. This was met, however, by evidence on the part of the plaintiff to the effect that another connection existed which sufficed to supply gas to these jets; and although, in behalf of the defendant, it is denied that this connection could have had the effect thus attributed to it, we cannot say that the explanation was so impossible or improbable as to require the jury to reject it.

It is necessary, however, for the plaintiff to establish malice on the part of the defendant, as well as want of probable cause, in making the criminal charge, and it is argued that in no event did the facts disclosed by the evidence warrant the jury in inferring the improper motive which must be proved in every action for malicious prosecution. The charge to the jury is criticised as not containing any clear statement that malice was a distinct and necessary element in the plaintiff's case, and it is asserted that the learned judge declared, in substance, that facts sufficient to prove want of probable cause were necessarily sufficient to warrant a verdict for the plaintiff.

We do not think that the charge is justly subject to criticism in either respect. The learned judge told the jury that it was not enough to prove that the plaintiff had been arrested and discharged, but that he had to go further, and show that the prosecution against him "was without probable cause and malicious on the part of the company which prosecuted him." Again, he said: "What you have to find here, before you can give a verdict for the plaintiff, is that this prosecution in the justice's court was without probable cause,

and from that lack of probable cause you may find malice, and in that way you make this case out to be a malicious prosecution, and until you do that the plaintiff has no cause of action at all." No exception was taken to this or any other part of the charge. Nor was any request made for fuller instructions to the jury in regard to the element of malice as an essential ingredient in malicious prosecution. Under these circumstances, the defendant should not be heard to complain that the trial judge was not sufficiently clear and definite in what he said to the jury on this subject. The law was stated by the judge with entire accuracy, and, if counsel had desired any amplification of the statement, it was his duty to ask for it.

In saying that, from lack of probable cause, the jury might find malice, the learned judge did not assert, as is assumed in the brief for the appellant, that facts sufficient to prove want of probable cause were necessarily sufficient to warrant a verdict for plaintiff. He merely stated the rule of law, which is as well established as any rule in this state, that, where want of probable cause is proved, the jury are at liberty, from that fact, to infer that it was prompted by malice. Heyne v. Blair, 62 N. Y. 19, 22. But the jury were not bound to infer malice, nor did the court so intimate. Jennings v. Davidson, 13 Hun, 393; Vanderbilt v. Mathis, 5 Duer, 304. A precise and comprehensive definition of the "malice" which is necessary to sustain an action for malicious prosecution may be somewhat difficult to give, and it does not appear to have often been attempted either by judges or writers of text-books. There was no request to define the term in the present case, and we may fairly assume that it was understood by the jury in the ordinary sense of personal spite or ill will. If so, the jury were not misled; for where a criminal prosecution is instituted without probable cause therefor, and is prompted by personal spite or ill will, it would certainly be deemed "malicious," under any definition of "malice." The case of Brown v. Hawkes [1891] 2 Q. B. 718, is cited by counsel for the appellant in support of his contention that in no case is malice a legal presumption from the want of probable cause. It hardly goes to that length. There was an express finding by the jury in the case cited that the defendant honestly believed in the full charge which he laid before the magistrates, and it was held on appeal that, after so finding, the mere fact that there was no probable cause for the prosecution did not authorize the conclusion that the defendant acted maliciously. In other words, the finding of good faith overcame the inference which might otherwise be drawn from lack of probable cause. That the decision means no more than this is apparent from the language of Lord Esher. Id. 726, 727.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.