(97 App. Div. 218.)

### PARR v. LODER.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. WITHHOLDING PAPERS—LARCENY—INTENT.

A commission to take testimony of plaintiff's wife, to be used in a cause in another state, having been issued to defendant, an attorney previously unknown to plaintiff, defendant left the papers in plaintiff's possession for several days before executing the commission, and then went to plaintiff's house to execute the same. While the commission lay on the table, filled out, signed, and probably sworn to, plaintiff took it in his possession, stating that he desired to submit it to his attorney, and that he would thereupon return it to defendant, but refused defendant's demand to return the commission to him forthwith. Held, that such withholding of the commission did not constitute larceny.

**2. MALICIOUS PROSECUTION—ADVICE OF MAGISTRATE.**

Where, in an action for malicious prosecution arising out of an unsuccessful prosecution for larceny of certain papers, the question of probable cause was for the court, it was no defense that defendant properly and fully stated the case to a magistrate, and that the magistrate thereupon issued the warrant.

**3. SAME—CONCLUSION OF EVIDENCE—PREJUDICE.**

Where, in an action for malicious prosecution, plaintiff had previously read in evidence the entire official record of such prosecution, which showed the decision of the court in the manner and form required by Code Cr. Proc. § 207, the exclusion of the decision of the judge in discharging the plaintiff in such prosecution was without prejudice.

Appeal from Trial Term, Westchester County.

Action by Benjamin Parr against Noah Loder, Jr. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, he appeals.　Affirmed.

See 82 N. Y. Supp. 1040.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John F. Brennan, for appellant.

Ralph E. Prime, Jr., for respondent.

JENKS, J.　The defendant appeals from a judgment against him for a malicious prosecution.　He charged the plaintiff with the larceny of a commission issued to the defendant out of a court of Tennessee to take testimony.　I think that the court did not err in charging that there was no larceny, and that there was not probable cause.　The defendant left these papers, before the commission was executed, in the keeping of the plaintiff for several days; then went to the plaintiff's country house to execute the commission.　While the commission lay upon the table, filled out, signed, and probably sworn to, the plaintiff took it into his possession, and thereafter refused the defendant's demand that the commission be returned to him forthwith.　The plaintiff is a merchant of many years' standing in the city of New York, and the defendant is a lawyer.　The defendant was insistent that the commission be returned to him, because, he says, of the formal instructions of his commission that he must certify that the depositions were returned without either being out of his possession or altered after they were taken.　The commission was issued in a suit wherein the plaintiff's wife was plaintiff.　The reasons given by the plaintiff were not fanciful or far-fetched.　It is entirely natural that such a witness, whose wife was the plaintiff in that suit, should desire to consult with counsel before committing the written testimony of his wife and himself to the court of a foreign state through a commissioner who theretofore was a stranger to him.　I cannot see that a man of ordinary prudence and caution would have been justified in the belief that at this time the plaintiff intended to deprive the defendant of this paper permanently, or, in other words, to steal it.　If he could not so believe, but rather that the plaintiff

¶ 2. See Malicious Prosecution, vol. 33, Cent. Dig. § 45.

then intended to keep it temporarily, and to return it to him, then there was no larceny. 2 Bishop on Criminal Law, § 841; Whart. Am. Cr. Law (4th Ed.) § 1868; Regina v. Trebilcock, 7 Cox, Cr. Cas. 408; Regina v. Holloway, 3 Cox, Cr. Cas. 241; State v. South, 28 N. J. Law, 28, 74 Am. Dec. 250; Archbold, Pl. & Ev. in Criminal Cases (19th Ed.) 358. In Regina v. Trebilcock, supra, Lord Campbell, C. J., says:

"If at the time of the asportation his [the offender's] intention is to make a mere temporary use of the chattels taken, so that the dominus should again have the use of them afterwards, that is a trespass, but not a felony."

Sir James Stephen, in his history of the Criminal Law of England (volume 3, p. 132), says:

"To this day it is a part of the law of this country, as settled by very modern cases, that the motives which lead a man to commit a theft are immaterial, and that the definition of the offense includes an intention to deprive the owner of his property permanently."

In Regina v. Bailey, 12 Cox, Cr. Cas. 129, the prisoner was indicted under a statute that provided that "whosoever shall steal or shall, for any fraudulent purpose, take * * * from any person having the lawful custody thereof * * * any part of any record, writ, return, panel, process, etc., shall be guilty of a felony." The first count charged a stealing of a certain warrant of execution. A bailiff had the legal custody of the warrant against the prisoner, which the latter took away forcibly and kept. Lush, J., stated the case, and the court, per Cockburn, C. J., decided that the first count could not be sustained, saying that evidently it was the prisoner's idea that, if he could get the warrant from the officer, he would thus deprive him of his authority, and rid himself of the execution; but that the act was not done lucri causa, and that there was no felony. That an intention to restore is neither ground of defense nor of mitigation, if restoration does not precede the complaint to a magistrate (section 549, Pen. Code), does not help the defendant on the question of larceny. The statute reads, "The fact that the defendant intended to restore the property stolen or embezzled," etc., and it therefore presumes that the property had at some prior point of time been stolen and embezzled: that is, necessarily there must have been an intent, whether fast or fleeting, to deprive the owner of his property permanently. This section is rather a declaration than a departure in the criminal law. Wharton's Am. Cr. Law (4th Ed.) § 1772; 2 Bishop on Cr. Law, § 796. Probable cause is a question for the court when the facts are undisputed and admit of but one inference. Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194; Fagnan v. Knox, 66 N. Y. 525; Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21; Scott v. Dennett Surpassing Coffee, 51 App. Div. 321, 64 N. Y. Supp. 1016. The versions of the parties vary, but not as to the principal features of the interview, out of which came the charge of larceny, and particularly not as to the statement of the plaintiff that characterized his taking, namely, that it was for the purpose of submission to his attorney, and that he would thereupon return the paper to the defendant.

The defendant insists that he is not responsible, because he stated the case to a magistrate, who thereupon issued the warrant; or, in other words, he is responsible for the truth of his statements to the magistrate, but not for the legal conclusions of that official therefrom—citing Thaule v. Krekeler, 81 N. Y. 428; Anderson v. How, 116 N. Y. 336, 22 N. E. 695. Since the decision in Hazzard v. Flury, supra, I understand the rule to be that advice of counsel, and the like, is not a complete defense. In this case, where the question of probable cause was for the court, the advice of counsel or of magistrate is of no importance on that question. So far as it bears on malice, the evidence was before the jury, and the learned court submitted that question to it.

The learned counsel for the appellant insists that the court erred in excluding the decision of the judge in discharging the plaintiff. The questions excluded were whether on that proceeding the commission was directed to be returned, and whether such direction was not part of the decision. But theretofore the plaintiff had read in evidence the entire official record, which showed the decision in the manner and form required by law (section 207, Code Cr. Proc.).

The judgment and order should·be affirmed, with costs. All concur.