## FETZER v. BURLEW.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF LAW.

In an action for malicious prosecution, probable cause is a question of law for the court if there is no conflict in the evidence, and if contrary inferences may not fairly be drawn therefrom.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 161, 162.]

2. SAME—CAUSE FOR ARREST—EVIDENCE.

Plaintiff went to defendant's meat shop in defendant's absence, and weighed and carried away 10½ pounds of pork. He left a slip on the counter informing defendant of the quantity he had taken, and notified a lady customer, asking her to call defendant's attention on his return to the memorandum, which she did. Defendant had trusted plaintiff before, and treated the transaction as a sale without any attempt to have plaintiff arrested until after he was unable to collect the account from him. Held, that defendant had no probable cause for plaintiff's arrest as a matter of law.

3. SAME—WILLFULLNESS—MALICE.

Whether defendant acted willfully or maliciously in causing plaintiff's arrest was for the jury.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 163–165.]

**4. SAME—EVIDENCE.**
  In an action for malicious prosecution, evidence as to what occurred between defendant and the magistrate at the time the information on which plaintiff was arrested was sworn to was admissible on the question of malice, though it did not constitute a defense.

  [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, § 144.]

  McLennan, P. J.. dissenting.

Appeal from Trial Term, Steuben County.

Action by Guy F. Fetzer against James V. Burlew. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

James O. Sebring, for appellant.

Francis E. Wood, for respondent.

SPRING, J. The action is for malicious prosecution. The plaintiff had been in the employ of the defendant as a meat cutter in Painted Post, in said county of Steuben, and in November, 1904, started a small shop in that village. Occasionally, when in need of meat, he went to the defendant's shop, purchasing a few pounds, sometimes doing the cutting and weighing himself, and paying cash or receiving credit as he preferred. In January, 1905, he went to the defendant's shop, and there was no one in charge. Mrs. Craig, a lady customer, was waiting. The plaintiff inquired for the defendant, and when informed of his absence weighed and took away 10½ pounds of pork. He left a slip of paper on the counter informing the defendant that he had taken this quantity of pork, notified Mrs. Craig, and asked her to call the attention of the defendant on his return to the memorandum, which she did. The defendant caused the pork to be charged to the plaintiff at $1.05. Shortly after, this item with another of $3.65 was presented to the plaintiff by the agent of the defendant, and payment demanded, but the plaintiff neglected to respond. Later in the month of January the account containing the two items was left by the defendant for collection with a justice of the peace, and that officer wrote to the plaintiff on January 27th two letters, to the effect that the account "was left with him for immediate settlement." The account was not paid, and on the 2d of February, upon the information and deposition of the defendant, charging the plaintiff with larceny in taking 10½ pounds of pork, a warrant was issued by the magistrate for the arrest of the plaintiff, and he was taken into custody by an officer, and brought before the magistrate, and upon the next day a trial was had, and the plaintiff was discharged at the close of the people's case. The court charged the jury that the plaintiff was entitled to recover substantial damages, and declined to submit the question of want of probable cause or of the malice of the defendant, although requested so to do by the counsel for the defendant.

We think that the undisputed evidence shows that the defendant had no justification for causing the arrest of the plaintiff charging

him with the commission of a crime. The defendant had trusted the plaintiff before for meat obtained at his shop. He treated this taking as a sale, and entered the item on his account book. He was informed by Mrs. Craig that the plaintiff had taken the pork and left a minute of the quantity, and she testified that he saw the paper, and her testimony must be correct, for he caused the entry to be made in his book. He left this item, with another, with the justice for collection. It is clear, therefore, that he regarded this as an account against the plaintiff, and his attempt to make it the basis of a criminal accusation was unwarranted. It is elementary that two of the essential elements of the action for malicious prosecution are the want of probable cause and the malice of the defendant in instituting the criminal proceeding against the plaintiff in the action. Probable cause is an elastic term, and much latitude is given to one who is seeking to prosecute another either civilly or criminally; yet he must have reasonable cause and warrant as a prudent man to justify him in charging a person with the commission of a crime, and causing his apprehension therefor. Burt v. Smith, 181 N. Y. 1–5, 73 N. E. 495 et seq. Probable cause is a question of law for the court if there is no conflict in the evidence, and if contrary inferences may not fairly be drawn therefrom. Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194; Burt v. Smith, 181 N. Y. 8, 73 N. E. 495; Besson v. Southard, 10 N. Y. 236; Anderson v. How, 116 N. Y. 336–338, 22 N. E. 695. In Hazzard v. Flury, supra, the plaintiff obtained of the defendant a quantity of rugs to be returned on demand. Subsequently the defendant notified the plaintiff there was unpaid for these rugs a certain sum, and a settlement was had by which the plaintiff agreed to pay in part the amount due, and deliver 13 other rugs in lieu of those taken. The money was paid along in installments; the plaintiff at the time of the last payment promising to deliver the rugs in a few days. Just before this payment the defendant had made complaint in writing, charging the plaintiff with appropriating one rug. A warrant was issued the same day, but the defendant was not arrested until several weeks later, and in the meantime the plaintiff had tendered to the defendant, in fulfillment of his contract, 13 rugs, which the latter declined to accept. In the action for malicious prosecution the trial judge instructed the jury as matter of law that the arrest was without probable cause, but submitted to the jury the question of malice, and the judgment in favor of the plaintiff was sustained. In the present case there was no reasonable probability that the plaintiff was guilty of the crime imputed to him, and there was, consequently, no justification for his arrest, and the court properly so held as matter of law.

The refusal of the trial judge to permit the jury to pass upon the question of the malice of the defendant is more troublesome, and we think cannot be sustained. The jury might have inferred malice from the unwarranted apprehension of the defendant, but even they were not bound to draw that inference. Langley v. East River Gas Co., 41 App. Div. 470, 58 N. Y. Supp. 992; Wanser v. Wyckoff, 9 Hun, 178.

The arrest might have been without legal excuse, and still not have been willfully or maliciously caused by the defendant. He may have

believed that the facts within his knowledge were sufficient to authorize the arrest of the plaintiff. In any event, the jury should have been permitted to consider the motives which influenced him. While there was ample evidence tending to show that the defendant was resorting to the criminal law to collect his debt and to establish his malicious purpose, the inferences from the facts proven were peculiarly within the province of the jury, and ought not to have been disposed of as matter of law.

The defendant endeavored to prove what occurred between the magistrate and himself at the time the information was sworn to, and the evidence was excluded. We think this was error. Parr v. Loder, 97 App. Div. 218, 89 N. Y. Supp. 823. In the most favorable light for the defendant, it did not constitute a defense, but was competent on the question of malice.

The judgment and order should be reversed, and a new trial ordered.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event upon questions of law only, the facts having been examined, and no error found therein. All concur, except McLENNAN, P. J., who dissents.