(115 App. Div. 829)

## COOK v. BARTLETT.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE.

In an action for malicious prosecution, proof of want of probable cause alone is insufficient to entitle plaintiff to a verdict for substantial damages.

2. CARRIERS—TICKETS—NONTRANSFERABLE MILEAGE—OWNERSHIP.

Where defendant purchased a railroad mileage book in the name of another, the fact that a printed regulation therein specified that it was good for transportation only when presented by the purchaser named, and would be accepted for his transportation only when presented to the conductor, and if presented by any other person it would be taken up and forfeited, did not deprive plaintiff of his property rights in such book; the nontransferable clause being one which the carrier could insist on or waive at its election.

3. BAILMENT—RIGHTS OF BAILEE—ESTOPPEL.

Where plaintiff acquired possession of a mileage book from defendant for the purpose of riding thereon, agreeing to return the balance of the mileage, plaintiff was estopped to deny his obligation to return the book to defendant because defendant was not the original purchaser, who was alone entitled to use the book for transportation.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Bailment, § 32.]

4. MALICIOUS PROSECUTION—EVIDENCE.

Where, in an action for malicious prosecution for alleged larceny of a mileage book which plaintiff obtained from defendant, who was not the original purchaser, evidence that plaintiff permitted another to use the book contrary to defendant's instructions, and evidence of defendant's ownership of the book, was admissible.

5. SAME—ABSENCE OF MALICE—ADVICE OF COUNSEL.

In an action for malicious prosecution arising out of plaintiff's arrest for alleged larceny of a mileage book, which he permitted another to use, resulting in its being taken up by the carrier, evidence that defendant, before instituting the prosecution, stated all the facts to a justice of the peace and to an attorney, both of whom advised him that the facts constitued larceny, was admissible to show absence of malice.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 66, 143.]

6. SAME—PLEADING—ISSUES AND PROOF.

In an action for malicious prosecution, the fact that the answer in effect alleged that the criminal proceeding, as well as a civil action brought by defendant, against plaintiff, were prosecuted to collect a debt, did not preclude defendant from giving evidence on the question of malice.

7. SAME—INSTRUCTIONS.

Where, in an action for malicious prosecution, the jury were not bound to give more than nominal damages, and there was no direct evidence of malice, an instruction that plaintiff was entitled to recover as a matter of law; that the arrest of a person without probable cause was deemed malicious; that there was an absence of probable cause, or of any cause whatever, for plaintiff's arrest; and that for such arrest the law permitted the jury to award exemplary damages—was erroneous.

Williams, J., dissenting.

Appeal from Trial Term, Steuben County.

Action by Raymond Cook against Wesley A. Bartlett. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

The action is for malicious prosecution. The defendant was a railroad ticket broker at Addison, N. Y. He had in his possession a mileage book issued by the Erie Railroad Company in the name of L. Orr. The book was purchased by Orr with the defendant's money and at his request. Orr used the book to Buffalo and return, paying the defendant therefor, and returning the book to the defendant, leaving a mileage of 730 miles in the book. The book was issued under an express regulation, printed therein and signed by Orr, the original purchaser, to the effect that it was good for transportation only to the purchaser named, and would be accepted for his transportation only when presented to the conductor, and if presented by any other person it would be taken up and forfeited. On the evening of August 7, 1904, the plaintiff applied to the defendant for a mileage book, stating that he would like a mileage book to go to Corning. The defendant delivered to him this mileage book, and the plaintiff paid defendant therefor at the rate of 2½ cents a mile for the distance from Addison to Corning and return, the sum of 60 cents. The defendant testified that he told the plaintiff not to let any woman have the book, that it was good only for a man, and that the plaintiff said he would return the book upon the arrival of train 19 that evening, or upon the arrival of train 7 the next morning, due about 7 o'clock. The plaintiff denied that he was told not to let any woman have the book and that it was good only for a man. He testified that he procured the book for a Mrs. Frazier. He declared that he supposed the book was just as good for a woman as for a man, and that was the reason that he did not mention the fact that he was getting the book for some one else. The defendant, however, testified that plaintiff admitted that he knew that it was not good for a woman, but thought he would take his chances. The plaintiff handed the book to Mrs. Frazier. She used it in going to Corning, and it was accepted for her transportation. On her return trip the next day, the mileage book was taken up by the conductor of the train. The book not having been returned to the defendant the next morning, the defendant proceeded to look up the plaintiff. He found him in the afternoon or evening, and was then informed by the plaintiff that the book had been taken up. A dispute arose between them as to whether the defendant had informed the plaintiff not to let a woman have the book, and that it was good only for a man. The defendant insisted that the plaintiff should pay for the book. This the plaintiff refused to do. The defendant told plaintiff that he would have plaintiff behind the bars if he did not pay for the book. The defendant says he told the plaintiff he would make him pay for it or would "send him over the hill." Finally the plaintiff agreed to pay for the book at the rate of $1.50 a week until it was paid for. He paid $1.10, but no more. He says defendant met him two or three times after that, and said that he would have him arrested if he did not pay, and would make him trouble. On the 8th of the following October the defendant saw a justice of the peace and told him about the plaintiff getting the book. An information and deposition were written out by the justice, and signed and sworn to by the defendant, and thereupon a warrant was issued by the justice, and on the 17th day of October the plaintiff was arrested and taken before the justice. The matter was adjourned to the 20th of that month, and was again adjourned to the 26th, when the proceeding was withdrawn. The plaintiff was never in jail, never locked up, nor required to give any bonds. The policeman requested him to go before the justice, and he went. He says: "I gave the officer my parole that I would be present at the time of the adjourned day, and that was the reason he didn't lock me up." After the criminal proceeding against the defendant had been terminated, the plaintiff commenced this action against the defendant to recover damages sustained for such arrest and prosecution, alleging that the proceeding was started by the defendant maliciously and without probable cause. This the defendant by his answer denied, and he alleged affirmatively that the criminal proceeding was

brought in good faith, stating the circumstances in connection therewith; that he was afterward advised by his counsel to withdraw the complaint and sue the plaintiff in conversion for the mileage book, which he did, and recovered judgment therefor. The trial justice refused to submit to the jury any question except damages, and the jury found a verdict for the plaintiff for the sum of $175.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

James O. Sebring, for appellant.
Delmar M. Darrin, for respondent.

KRUSE, J. We think the judgment appealed from cannot be sustained. While we are disposed to agree with the trial court that the undisputed facts show that the criminal proceeding brought against the plaintiff by the defendant was without probable cause, we cannot assent to the proposition that this alone entitled the plaintiff to recover and required the jury to find a verdict for substantial damages. Such, we think, was the effect of the holding and charge of the learned trial justice. Nor can we agree with the holding that the defendant could not purchase the mileage book, or become the owner of it, or acquire any property right in it, and had none at the time he delivered it to the plaintiff. We also think that certain testimony offered on the part of the defendant, to which we shall call attention later, was improperly excluded.

1. As regards the mileage book, we think the evidence established that the defendant was the owner of it. It is true that the railroad company was not required to transport any one but the person named as the original purchaser thereon under the terms of its contract. But that provision could be insisted upon only by the railroad company, and could be waived by it. If the company saw fit to transport any other than the original purchaser on the entire mileage, or on any part of it, it could do so, and to that extent it would be relieved from transporting the original purchaser; and even if the railroad company required a strict adherence to this limitation, permitting only the original purchaser to use the mileage book, it cannot be said that the defendant did not acquire any title to it, or that it had no value in his hands, for it was still good for transporting the original purchaser. The plaintiff, who acquired possession thereto from the defendant to be used for a specific purpose, cannot be heard to say that he is under no obligation to return it to the defendant. If the plaintiff himself had used it, and it had been taken up by the railroad company, a different question would arise. There is no evidence in the case that plaintiff was asked to impersonate the original purchaser, or to perpetrate any fraud upon the railroad company in using the book, or that that was contemplated by either party. The inference is quite to the contrary. For Mrs. Frazier rode upon the book to Corning without objection by the conductor, so far as the record discloses, and the defendant offered to prove that the plaintiff himself had before this taken mileage books to ride upon, and that at that time mileage books were in quite general use on this road by persons other than the ones whose names appeared upon the books. But this proof was excluded against

the defendant's exception. We think it was not immaterial, as charged by the trial court, whether the mileage book was to be used by the plaintiff or by some one to whom he should give it. If the defendant used the book for a purpose other than that for which it was delivered to him, and he became liable therefor, that fact, as well as the defendant's ownership, was an important circumstance bearing upon the defendant's liability.

2. The defendant offered to prove that he had stated the facts to a justice of the peace in regard to the matter, and had talked the matter over with him before signing the information and making the deposition upon which the warrant was issued; that he was advised by the justice that the facts constituted the crime of larceny; that before going to a justice he consulted with a practicing attorney in Addison relative to the matter, and that he was likewise advised by the attorney that the facts constituted the crime of larceny; and that the defendant believed that the plaintiff had committed larceny. But this evidence was excluded upon the plaintiff's objection, to which the defendant excepted, although the defendant was permitted to testify that he had no malice in making the information and deposition, or in bringing the matter before the justice, and had no ill will or malice toward the plaintiff in any part of the proceeding which he took. The exceptions to which attention has been called will be considered in connection with the holding and charge to which we have already adverted.

3. In actions for malicious prosecution the plaintiff is required to prove, not only that there was want of probable cause, but as an independent fact that the prosecution was malicious upon the part of the defendant; and so the defendant may disprove either want of probable cause or malice as a defense. McKowan v. Hunter, 30 N. Y. 625. While we think in this case the facts within the knowledge of the defendant and upon which he acted in prosecuting the plaintiff were not such as would reasonably induce the belief that the plaintiff was guilty of larceny, and so there was no reasonable cause for the prosecution, still it does not follow as a matter of law that the jury should be required to find that the prosecution was instituted maliciously, and award a verdict to the plaintiff. While the jury were at liberty to draw such an inference therefrom, they were not bound to do so. Jennings v. Davidson, 13 Hun, 393; Langley v. East River Gas Co., 41 App. Div. 470, 58 N. Y. Supp. 992. Hence it is proper to prove the advice of counsel, even though there is a lack of probable cause, upon the existence, as well as the degree of malice which prompted the defendant in the prosecution. It is suggested that the affirmative allegations contained in the answer are to the effect that the criminal proceeding, as well as the civil action, was brought and prosecuted to obtain the amount due the plaintiff. Assuming that to be so, we do not think the defendant was concluded thereby from giving evidence upon the question of malice. We have had occasion to examine these questions in a recent case decided at the July term, 1906, by this court. Fetzer v. Burlew, 99 N. Y. Supp. 1100. Mr. Justice Spring, speaking for the court, said:

"The refusal of the trial judge to permit the jury to pass upon the question of the malice of the defendant is more troublesome, and we think cannot be sustained. The jury might have inferred malice from the unwarranted apprehension of the defendant, but even they were not bound to draw that inference. Langley v. East River Gas Co., 41 App. Div. 470, 58 N. Y. Supp. 992; Wanser v. Wyckoff, 9 Hun, 178. The arrest might have been without legal excuse, and still not have been willfully or maliciously caused by the defendant. He may have believed that the facts within his knowledge were sufficient to authorize the arrest of the plaintiff. In any event the jury should have been permitted to consider the motives which influenced him. While there was ample evidence to show that the defendant was resorting to the criminal law. to collect his debt and to establish his malicious purpose, the inferences from the facts proved were peculiarly within the province of the jury, and ought not. to have been disposed of as a matter of law. The defendant endeavored to prove what occurred between the magistrate and himself at the time the information was sworn to, and the evidence was excluded. We think this was error. Parr v. Loder, 97 App. Div. 218, 89 N. Y. Supp. 823. In the most favorable light for the defendant, it did not constitute a defense, but was competent on the question of malice."

In the case at bar the trial judge held that the plaintiff was entitled to recover as a matter of law, and charged the jury that the arrest of one person upon the complaint of another without probable cause is deemed by law malicious; that there was an absence of probable cause, or of any cause whatever, for the arrest of the plaintiff upon the charge of larceny; that the facts were such that no person could conceive that he had committed a criminal act; that for the arrest the law permitted the jury to award exemplary damages. These statements were excepted to by the defendant, and upon his behalf the court was requested to charge the jury that they might render only a nominal verdict; but it was not charged, and the defendant excepted. We think the effect of this charge. was not only that of directing the jury to find a verdict for the plaintiff, but that such a verdict must be substantial. In any event, we think that under the circumstances of this case the jury were not bound to give more than nominal damages, if such was their judgment, although it may well be that the jury would not have reached that conclusion.

The judgment and order should be reversed, and a new trial granted; costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents.