WILLIAM BAUMSTEIN, Respondent, *v.* MARK ROTHKRUG, Appellant.

First Department, May 16, 1924.

Malicious prosecution — trial — instructions — error for court to charge that malice is implied from proof of lack of reasonable and probable cause for arrest — malice must be shown as independent fact — evidence — error to admit evidence as to price realized by plaintiff on sale of diamond for larceny of which he was arrested.

In an action for malicious prosecution it is error for the court to charge the jury that malice may be implied from lack of reasonable and probable cause for the arrest of the plaintiff by the defendant, since malice must be shown by the plaintiff as an independent fact and both the question of lack of reasonable and probable cause and the existence of malice must be passed upon by the jury.

It was error for the court to admit evidence over the objection of counsel for the defendant as to the price realized by the plaintiff upon the sale of a diamond, for the larceny of which he was arrested, since such evidence is not only not relevant but would tend to prejudice the defendant's rights.

APPEAL by the defendant, Mark Rothkrug, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of October, 1923, upon the verdict of a jury for $1,500, and also, as stated in the notice of appeal, from the denial of the defendant's motion for a new trial made upon the minutes.

*A. Bertram Samuels* [*John E. Leddy* of counsel; *I. Maurice Wormser* with him on the brief], for the appellant.

*Kopp, Markewich & Perlman* [*Harry Kopp* of counsel; *Morris L. Stern* with him on the brief], for the respondent.

MERRELL, J.:

The action was brought to recover damages for alleged malicious prosecution of the plaintiff by the defendant. The plaintiff was arrested upon the complaint of the defendant for the larceny of a diamond weighing three and ninety-seven one-hundredths carats. This diamond was delivered by the defendant to the plaintiff on a memorandum for inspection and remained the property of the defendant, and was to be returned on demand. The diamond in question was delivered by the defendant to the plaintiff on December 6, 1920, the price specified in the memorandum being $2,500. On December 8, 1920, at plaintiff's request, the defendant sent another stone to the plaintiff weighing three and ninety-three one-hundredths carats. The three and ninety-seven one-hundredths carats stone was then transferred to the same memorandum as that covering the smaller stone, and the two were billed at $4,100. Plaintiff subsequently claimed to have sold the heavier stone, and returned the smaller one, plaintiff offering to pay defendant for the heavier stone $2,050, or $450 less than the price at which it had been billed to the plaintiff. This the defendant refused to accept, and thereafter and prior to December 24, 1920, made repeated demands upon the plaintiff for the return of the heavier stone; but the plaintiff failed to produce or return it, or to pay more than $2,050 in settlement therefor. On December 24, 1920, the defendant caused plaintiff's arrest for larceny, charging plaintiff with violation of section 1290 of the Penal Law. The evidence shows that the plaintiff made conflicting statements regarding the stone, claiming at one time that he still had it in his possession and later on that he had sold it. Subsequently the plaintiff was discharged by the magistrate after a hearing. After the termination of the

criminal proceeding, the defendant brought action against the plaintiff for the recovery of $2,500 as the value of the stone which the plaintiff had refused to return to the defendant. This action was settled by defendant selling to plaintiff the smaller stone which had been returned by plaintiff to defendant, and receiving for the two stones the sum of $4,100, at which they had been originally billed. Thereupon the plaintiff instituted the present action to recover damages of the defendant for malicious prosecution. At the trial the court submitted to the jury as a question of fact whether the defendant, in causing plaintiff's arrest, had acted upon reasonable and probable cause. Aside from the question of damages, that was the only question submitted to the jury by the trial court.

Assuming, without deciding, that the jury were justified in finding that the defendant, in causing plaintiff's arrest, acted without reasonable or probable cause, I think the judgment must be reversed for errors committed by the trial court in submitting the case to the jury. The law is well settled that in actions for malicious prosecution no recovery can be had unless the jury find not only that there was no reasonable or probable cause for the arrest of the plaintiff, but that the defendant acted maliciously in causing such arrest. As before stated, the learned trial justice, in submitting the case to the jury, left for its consideration only the question as to whether or not the defendant acted with reasonable or probable cause in causing plaintiff's arrest. In his charge the learned trial justice instructed the jury as follows: " If you find in this case, for example, that there was no reasonable or probable cause for this arrest, *the law implies malice from the fact of there being no reasonable or probable cause*, just as in libel the falsity of the charge made implies malice, that is called malice in law, constructive malice. *It is the law that injects that kind of malice or finds that kind of malice in the case.*" (Italics are the writer's.)

The attention of the court was particularly called to the charge that malice was to be implied if the jury found that there was not reasonable or probable cause, and an exception taken by counsel for the defendant to such charge. Thereupon the court charged the jury as follows: " Gentlemen, I have spoken hitherto of damages and by damages I mean what we call compensatory damages, such damages as will fairly compensate the plaintiff for the injury actually done him and to support damages of that kind the law infers that in the absence of reasonable or probable cause the implication of malice follows * * *." To this charge the defendant duly excepted.

At the close of the main charge counsel for the defendant requested that the court charge the jury that the burden was upon the plain-

tiff to establish by a fair preponderance of the evidence that the defendant acted *both* maliciously and without probable cause.    To this request the court charged the jury as follows: " If you find there was no reasonable or probable cause for the charge of grand larceny made against the plaintiff, then the law implies malice, in law, constructive malice sufficient to support an award of compensatory damages; " and to such charge the defendant duly excepted.

We are of the opinion that such instruction to the jury was erroneous and not a correct exposition of the law.    The law is well settled that in actions for malicious prosecution the plaintiff is required to show not only that there was want of probable cause, but, as an independent fact, that the prosecution was malicious upon the part of the defendant; and there can be no implication in law that malice follows want of probable cause.    Throughout his charge to the jury the learned trial court proceeded upon the theory that there was but the single issue for the jury to pass upon, namely, that of want of probable cause.    At one point in the charge of the court the jury was instructed as follows: " Even if upon the hearing before the magistrate who hears the charge that you make against your neighbor, your neighbor is discharged, as in this case, and declared innocent of the crime that he was charged with, he may not recover damages from you if you had reasonable and probable cause for believing that he had committed the crime    *    *    *."
And again: " In order to hold the defendant in damages he must go further and prove that there was no reasonable or probable ground for making the charge against him    *    *    *."    Later on the court again charged the jury: " While the plaintiff had his election to bring an action in false arrest,    *    *    *    he did not see fit to do so; he fell back upon the harder case to prove, malicious prosecution, because in that case you not only have to prove the arrest and the discharge, you must go further and prove that there was no reasonable or probable cause for arrest."    Again the court charged the jury: " But the plaintiff must prove that there was not any reasonable or probable cause for his arrest before the complaint was made against him, causing his arrest."    And still again at another point the court charged the jury as follows: " If you find that the plaintiff has proved by a fair preponderance of the credible testimony that there was no such ground, no such reasonable, probable cause as to warrant the making of the charge, then you may find a verdict for the plaintiff and if you find there was no reasonable or probable cause, you must find some verdict for the plaintiff, at least six cents."

Nowhere in the charge did the learned trial court submit to the jury as a question of fact whether the defendant had acted with

malice in causing the plaintiff's arrest. The court in effect charged the jury that if they found that the defendant in causing plaintiff's arrest had acted without reasonable or probable cause, then as matter of law malice would be implied.

In the recent case of *Halsey* v. *New York Society* (234 N. Y. 1) the jury was instructed, as in the case at bar, that malice was to be presumed if there was no probable cause for the prosecution. This the Court of Appeals held was an inaccurate statement of the law; that while under such circumstances the jury might presume malice, it was not an inference which the jury was required to draw. In *Stewart* v. *Sonneborn* (98 U. S. 187), cited with approval in the case of *Halsey* v. *New York Society* (*supra*), the Supreme Court of the United States said (at p. 193): "And the existence of malice is always a question exclusively for the jury. It must be found by them, or the action cannot be sustained. Hence it must always be submitted to them to find whether it existed. The court has no right to find it, nor to instruct the jury that they may return a verdict for the plaintiff without it. Even the inference of malice from the want of probable cause is one which the jury alone can draw. *Wheeler* v. *Nesbitt et al.*, 24 How. [U. S.] 544; *Newell* v. *Downs*, 8 Blackf. (Ind.) 523; *Johnson* v. *Chambers*, 10 Ired. L. (N. C.) 287; *Van Voorhes* v. *Leonard*, 1 N. Y. Sup. Ct. [T. & C.] 148; *Schofield* v. *Ferrers*, 47 Pa. St. 194."

In *McCarthy* v. *Weir* (113 App. Div. 435) the precise question here presented was under consideration, and in that case the Appellate Division held that instruction to the jury that if want of probable cause was found, malice would be implied, was erroneous. In writing for the Appellate Division, Second Department, Mr. Justice JENKS said in his opinion (at p. 436): " I think that the judgment must be reversed for this error, inasmuch as the jury virtually were instructed that if it found want of probable cause, malice followed on its heel by implication of law. The law does not imply malice from a want of probable cause. It may be inferred therefrom by the jury. (*Vanderbilt* v. *Mathis*, 5 Duer, 304; *Wilder* v. *Holden*, 24 Pick. 8; *Stewart* v. *Sonneborn*, 98 U. S. 193; 2 Greenl. on Ev. [15th ed.] § 453, and authorities cited.) In *Stewart* v. *Sonneborn* (*supra*) the court, per STRONG, J., say: 'And the existence of malice is always a question exclusively for the jury. It must be found by them, or the action cannot be sustained. Hence it must always be submitted to them to find whether it existed. The court has no right to find it, nor to instruct the jury that they may return a verdict for the plaintiff without it. Even the inference of malice from the want of probable cause is one which the jury alone can draw. (Citing authorities.) ' " (See, also, *Cook* v.

*Bartlett,* 115 App. Div. 829; *Fetzer* v. *Burlew,* 114 id. 650; *Reiss* v. *Levy,* 165 id. 1.)

In *Cook* v. *Bartlett* (*supra*) Mr. Justice KRUSE, writing for the Fourth Appellate Division, said (at p. 834): " In actions for malicious prosecution the plaintiff is required to prove not only that there was want of probable cause, but as an independent fact that the prosecution was malicious upon the part of the defendant, * * *. While we think * * *, still it does not follow as a matter of law that the jury should be required to find that the prosecution was instituted maliciously and award a verdict to the plaintiff. While the jury were at liberty to draw such an inference therefrom they were not bound to do so. (*Jennings* v. *Davidson,* 13 Hun, 393; *Langley* v. *East River Gas Co.,* 41 App. Div. 470.) "

We think the incorrect instruction of the jury by the trial court was prejudicial to the rights of the defendant and requires a reversal of the judgment rendered upon the jury's verdict.

We are also of the opinion that the learned trial court erred in admitting evidence over objection and exception by counsel for the defendant as to the price realized by the respondent upon the sale of the stone in question. We can see no relevancy in such proof to the issues involved in the action, and the admission thereof might well have prejudiced the defendant's rights.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.